**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Richard CRIPPEN, Defendant–
Appellant.**

**No. 91–30074.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 7, 1992 *.

Decided April 14, 1992.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App.P. 34(a) and Ninth Circuit Rule 34–4.

Stephen R. Sady, Chief Deputy Federal Public Defender, Portland, Or., for plaintiff-appellee.

Errol Carlsen, Sp. Asst. U.S. Atty., Portland, Or., for defendant-appellant.

Before: BROWNING, D.W. NELSON, CANBY, Circuit Judges.

D.W. NELSON, Circuit Judge:

After defendant rejected a plea offer in an earlier state criminal proceeding, he was indicted and convicted in federal court on identical conduct. Defendant's federal conviction led to a guidelines sentence far in excess of the sentence that he would have received had he agreed to the earlier state plea offer. Arguing that he rejected the state plea offer because of ineffective assistance of counsel, defendant moved for a downward departure from the guidelines sentence. The district court denied his motion on the ground that ineffective assistance of counsel in earlier state proceedings does not constitute a permissible basis for departure.

We hold that the district court was correct in concluding that it had no discretion to depart. Accordingly, we affirm defendant's sentence.

## FACTS

In March 1990, defendant Richard Crippen was arrested for the possession of 290.75 grams of methamphetamine. Crippen's counsel entered into plea negotiations with the State of Oregon; these negotiations led to an offer from the state which would have resulted in Crippen's incarceration for approximately 24 months. Upon the advice of his counsel, Crippen declined to enter into the plea agreement. Crippen's counsel did not advise him, however, that by rejecting the state's offer he risked conviction in federal court and consequently a much harsher sentence.

The state withdrew its plea offer and dismissed the state charges. Subsequently, the federal government indicted Crippen for the possession of methamphetamine with intent to distribute. Crippen was again offered a plea agreement—which he accepted. At sentencing, the district court calculated the applicable guidelines range and imposed a sentence of 84 months. Crippen did not oppose the court's calculation, but asked that the judge depart downward from that range on the ground that he had received ineffective assistance of counsel during the state proceeding. The district court refused, stating that it did not believe that the Guidelines authorized courts to give defendants "any credit" for "inadequate assistance in the state courts."

Crippen appeals this decision.

## DISCUSSION

### A. Standard of Review

We review de novo a district court's decision whether a departure is legally permissible. *United States v. Floyd,* 945 F.2d 1096, 1098 (9th Cir.1991); *United States v. Alvarez–Cardenas,* 902 F.2d 734, 737 (9th Cir.1990).

### B. Analysis

A district court may depart from the presumptively applicable guidelines range only for permissible factors. Guidelines Section 5K2.0 provides district courts with some guidance in deciding whether certain circumstances are permissible grounds for departure in sentencing. However, the Sentencing Guidelines do not expressly consider, in Section 5K2.0 or in any other provision, whether a defendant's receipt of ineffective assistance of counsel is a proper basis for departure.

■ As defendant points out, permissible grounds for departure are not limited to factors enumerated in Chapter 5 of the Sentencing Guidelines. On the contrary, 18 U.S.C. § 3553(b) of the Sentencing Reform Act authorizes a court to depart from the applicable guidelines range whenever the court finds that "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines...."

Although 18 U.S.C. § 3553(b) does not delineate the sorts of factors courts may consider at sentencing, the potential list is not limitless. The language of the statute clearly indicates *some* limit: 18 U.S.C. § 3553(b) instructs courts to look at *"aggravating* or *mitigating"* circumstances, not just *any* circumstances. Although § 3553(b) does not define the term "aggravating or mitigating circumstance," the term *does* suggest that a factor constitutes a permissible basis for departure only if it speaks to the culpability of the defendant or the severity of the offense, or if it is otherwise related to some other congressionally-authorized legitimate sentencing concern.

The Sentencing Reform Act suggests what constitutes a legitimate sentencing concern. In particular, 18 U.S.C. § 3553(a) provides a list of factors to be considered at sentencing:

(a)(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines that are issued by the Sentencing Commission ...

(5) any pertinent policy statement issued by the Sentencing Commission ...

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).[1]

Thus our inquiry in determining permissible grounds of departure has focussed on whether the "circumstance is consistent with 'the sentencing factors prescribed by Congress.'" *Floyd,* 945 F.2d at 1100 (quoting *United States v. Lira–Barraza,* 941 F.2d 745, 749 (9th Cir.1991) (en banc) (referring to 18 U.S.C. § 3553)). In *Floyd,* the question was whether the district court's downward departure on the basis of

---

1. 18 U.S.C. § 3661 elaborates upon 18 U.S.C. § 3553(a)(1). Section 3661 states: "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court may ... consider for the purpose of imposing an appropriate sentence." 28 U.S.C. § 994(d) narrows the statutory mandate of 18 U.S.C. § 3661 by prohibiting courts from relying on certain factors, such as race and sex. 28 U.S.C. § 994(d) further leaves it for the Commission to decide whether some other enumerated factors, such as education and employment status, may be considered. The Commission's determination with respect to these factors can be found in the Guidelines, particularly in subchapter Ch.

5, Pt. H. Thus, factors not considered in the guidelines in provisions promulgated pursuant to § 994(d) and that are not expressly forbidden by § 994(d) are appropriate bases for departure so long as they fall within the purview of § 3661.

Ineffective assistance of counsel is not such a factor. Even if we were to determine that the receipt of ineffective assistance of counsel is a circumstance that § 994(d) does not expressly forbid or expressly leave for the Commission to consider, the circumstance does not fall within the ambit of § 3661 or § 3553(a)(1). The receipt of ineffective assistance of counsel simply does not speak to a defendant's "background, character or conduct."

its determination that the defendant had suffered from a "youthful lack of guidance" was proper. In upholding the downward departure, we relied on 18 U.S.C. § 3553(a)(1), which instructs sentencing courts to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." We reasoned that youthful lack of guidance is a circumstance related to a defendant's "history and characteristics" and therefore a proper basis for departure. *Id.* at 1100.[2]

In *United States v. Alvarez–Cardenas,* 902 F.2d 734 (9th Cir.1990), we considered whether the fact that a defendant faced a threat of deportation, a circumstance likewise not expressly considered by the guidelines, was an appropriate factor to consider in sentencing. In that case, we asked whether the threat of deportation is a circumstance that "speak[s] to the offense in question, [or] speak[s] to the offender's character," again invoking the language of 18 U.S.C. § 3553(a)(1). *Alvarez–Cardenas,* 902 F.2d at 737.[3] We reasoned that the threat of deportation was not a circumstance "that might be thought to describe characteristics that ought to affect [a defendant's] culpability or the seriousness of the offense." *Id.* We concluded that the threat was irrelevant for sentencing because "[a] defendant's crime is no less serious, nor is his history of past actions changed because he may be subjected to deportation proceedings at some point in the future." *Id.* Nor, we would add now, is the threat of deportation within any of the sentencing factors set forth by Congress in § 3553(a).

██ In deciding whether ineffective assistance of counsel in a prior state proceeding may constitute a proper basis for departure, we must determine whether such departures would be consistent with the purposes of the Sentencing Reform Act. We find nothing in the Act which so indicates. The receipt of ineffective assistance of counsel is simply not a "mitigating or aggravating" circumstance or otherwise a sentencing factor pursuant to § 3553(a). Like the threat of deportation, a defendant's receipt of ineffective assistance of counsel in the state courts does not make his federal crime any less serious. And unlike a youthful lack of guidance, the fact that a defendant's counsel was ineffective does not in any way affect that defendant's culpability for the crime committed.

██ We do not mean to suggest that only factors which bear upon a defendant's personal history or upon the crime in question may be considered in sentencing. Courts may depart for other aggravating or mitigating circumstances. We only hold that, for a factor to be considered, it must be tied to *some* penological purpose or legitimate sentencing concern expressed in the Sentencing Reform Act.[4] Because we are unable to tie departure on the grounds that a defendant received ineffective assistance of counsel to any such purpose or concern, we affirm the district court's decision that the receipt of ineffective assistance of counsel in prior state proceedings does not constitute a permissible basis for departure in sentencing.

The district court decision and sentence is AFFIRMED.

**2.** We went on to note that youthful lack of guidance did not fall within the exceptions to 18 U.S.C. § 3553(a)(1) contained in other provisions of the Sentencing Reform Act. *Id.* at 1100–02; *see supra* note 1.

**3.** We also noted that the specific considerations discussed in Guidelines § 5K2 described characteristics or circumstances that fell into one of these two categories.

**4.** Defendant's reliance on *United States v. Ray,* 920 F.2d 562 (9th Cir.), *as modified,* 930 F.2d 1368 (9th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 1084, 112 L.Ed.2d 1189 (1991), is mis-placed. In *Ray,* we approved a downward departure based on an effort to equalize a defendant's sentence with the shorter sentences of his codefendants. As a result of the Ninth Circuit's brief refusal to follow the Guidelines, the codefendants received relatively lighter non-Guidelines sentences. As we have since noted, however, *Ray's* "holding was narrow and not meant to extend beyond the extraordinary circumstance presented by cases in which certain codefendants are sentenced under the Guidelines while others are not." *United States v. Mejia,* 953 F.2d 461, 468 n. 2 (9th Cir.1992).