52 F.3d 335
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Sharon Smith FAVINGER, Defendant-Appellee.
 No. 94-10351.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1995.*
Decided April 13, 1995.
 
 Before: BRUNETTI, THOMPSON and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The government appeals Sharon Smith Favinger's sentence of six months home detention. The government contends the district court erred in failing to adopt the government's calculation of the amount of loss in applying the fraud guideline, Sec. 2F1.1.[1] The government also contends the district court erred in departing downward five points pursuant to Sec. 5K2.0. We reject these contentions and affirm.
 
 I.
 
 3
 The government bears the burden of proving by a preponderance of the evidence the amount of loss caused by the defendant's fraud. United States v. Howard, 894 F.2d 1085, 1090 (9th Cir.1990) (government has burden of establishing facts needed to calculate base offense level). The government presented evidence that the amount of loss due to the fraud was $6.9 million, as established by Favinger's employer's civil settlement with the government.
 
 
 4
 The court rejected the $6.9 million settlement figure as a basis for computing the amount of loss attributable to Favinger, because it found that her fraud was not the sole cause of that great a loss. The court stated:
 
 
 5
 The court is greatly influenced by the statement by Mr. Walsh [president of the corporation] whose testimony was, in my view, in this area unassailed that a part of the reason that this problem occurred was because these machines--there was a mistake, an honest, perhaps, mistake but one that is not attributable to the defendant.... And I'm also, although I don't adopt his very low number of fifty thousand dollars, which would bring this offense down to level four, as the specific offense conduct, I do believe that his characterization that the testing was not as crucial to the reason for the failure [of the radios]....
 
 
 6
 E.R. at 217-18.
 
 
 7
 By this analysis, the court articulated its reason for rejecting the government's assertion that the amount of loss attributable to Favinger was $6.9 million. The court then found, based on the evidence before it, that the amount of the loss for which Favinger was responsible was between $1 million and $2 million. This finding is not clearly erroneous. See United States v. Cambra, 933 F.2d 752, 756 (9th Cir.1991) (district court's calculation of amount of loss for fraud guideline only overturned for clear error).
 
 
 8
 We affirm the district court's finding that the amount of loss caused by Favinger's fraud is $1 million to $2 million.
 
 II.
 
 9
 We review the district court's downward departure under the three-part test of United States v. Lira-Barraza, 941 F.2d 745, 746-47 (9th Cir.1991) (en banc). First, we must determine de novo if the district court had legal authority to depart from the guidelines. Then we review for clear error the factual findings underpinning the departure. Finally, we must determine whether the extent of the departure is reasonable.
 
 
 10
 The district court gave four reasons for its downward departure under Sec. 5K2.0. We assume, without deciding, that the government is correct that the first three reasons will not support the court's downward departure. We look to the court's fourth reason. The court stated:
 
 
 11
 This is corporate fraud. The individual Defendants did not receive any financial benefit. It would be unjust to visit the full brunt of the corporate fraud on the lower-level employee who recorded the data.
 
 
 12
 We understand this to mean that, given Favinger's role in the corporate structure and that she received no direct financial benefit from the fraud, a base offense level of 15 overstates her culpability. This is a proper basis for a downward departure. United States v. Crippen, 961 F.2d 882, 884 (9th Cir.) ("a factor constitutes a permissible basis for departure only if it speaks to the culpability of the defendant...."), cert. denied, 113 S.Ct. 438 (1992).
 
 
 13
 We also conclude the extent of the departure was reasonable. The starting point for our analysis of the reasonableness of a particular sentence is the Supreme Court's recent admonition: "it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence." Williams v. United States, 112 S.Ct. 1112, 1121 (1992) (quoting Solem v. Helm, 463 U.S. 277, 290 n. 16 (1983)). Consistent with this admonition, we will not second-guess the district court's determination that this particular sentence was the appropriate sentence to impose by its five-point downward departure. The departure permitted Favinger to serve her sentence under home detention. The departure was reasonable and the sentence was appropriate. Indeed, the government calculated its requested downward departure for Favinger's codefendant in the same way the district court calculated its downward departure for Favinger.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Unless otherwise noted, all citations are to the United States Sentencing Commission Guidelines Manual (Oct. 15, 1988)