**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee*,

      v.

CLAUDIO UCHE DIBE,
          *Defendant-Appellant*.

No. 13-50515

D.C. No.
2:09-cr-01099-DSF-1

ORDER AND
AMENDED
OPINION

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted
December 9, 2014—Pasadena, California

Filed January 13, 2015
Amended February 11, 2015

Before: Ronald Lee Gilman,* Susan P. Graber, and
Consuelo M. Callahan, Circuit Judges.

Order;
Opinion by Judge Gilman

---

* The Honorable Ronald Lee Gilman, Senior United States Circuit Judge
for the Sixth Circuit, sitting by designation.

**SUMMARY**[**]

**Criminal Law**

The panel affirmed a sentence in a case in which the defendant appealed on the ground that his below-Guidelines sentence would have been even lower if the district court had considered his ineffective-assistance-of-counsel claim as a mitigating factor under 18 U.S.C. § 3553(a).

The panel held that ineffective assistance of counsel is not within the enumerated § 3553(a) sentencing factors because it does not fall under the "nature and circumstances of the offense," and does not reflect either the "history and characteristics of the defendant" or the need for the sentence "to promote respect for the law."

The panel therefore concluded that the district court's failure to consider ineffective assistance of counsel as a sentencing factor was not procedural error, and that the below-Guidelines sentence is substantively reasonable.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Edward M. Robinson (argued), Law Office of Edward M. Robinson, Torrance, California, for Defendant-Appellant.

Andre Birotte, Jr., United States Attorney, and Robert E. Dugdale and Jeff Mitchell (argued), Assistant United States Attorneys, Los Angeles, California, for Plaintiff-Appellee.

**ORDER**

The Request to Strike Appellant's District Court Attorney's Name From the Opinion and Subsequent Publication is **GRANTED**.

The opinion filed on January 13, 2015, and published at 2015 WL 151586, is amended by the opinion filed concurrently with this order. The time for filing petitions for rehearing and for rehearing en banc shall remain the same from the January 13, 2015, original filed date of the opinion.

**OPINION**

GILMAN, Circuit Judge:

In 2012, Claudio Uche Dibe pleaded guilty to 15 counts of wire fraud without reaching a plea agreement with the government. The district court sentenced him to 120 months in prison, which was below the appropriate U.S. Sentencing Guidelines range. Dibe now appeals on the ground that his sentence would have been even lower if the district court had

considered Dibe's ineffective-assistance-of-counsel claim as a mitigating factor under 18 U.S.C. § 3553(a). For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I.  BACKGROUND

### A.  Underlying offense

For years, Dibe was part of a scheme to defraud victims through false and fraudulent pretenses. Coparticipants in Nigeria contacted individuals in the United States by email and telephone, falsely telling them that they had won a lottery or were named in an inheritance. Dibe represented himself as diplomat "John Brown" and told the victims that they needed to send money for fees and costs before they could receive the promised lottery prize or inheritance.

The victims' money, however, was kept by Dibe and his coparticipants for their own benefit. Records reflect that more than one million dollars was collected in wire transfers from the victims. Dibe's conduct resulted in his being charged in 2009 with 15 counts of wire fraud, in violation of 18 U.S.C. § 1343.

### B.  Plea negotiations and guilty plea

The government and Dibe engaged in plea negotiations beginning in 2011, with the government making him multiple plea offers that were never accepted. On May 18, 2012, the government extended what was ultimately its last proposed plea agreement. Dibe contends that the proposed plea stipulated a total offense level of 27 and a criminal-history category of I, which would have resulted in a Sentencing

Guidelines range of 70 to 87 months of imprisonment. The plea agreement in the record, however, appears to lay out a total offense level of 30, which, when combined with a criminal-history category of I, results in a Guidelines range of 97 to 121 months. Although the exact Guidelines range under the last proposed plea agreement is unclear from the record, both parties agree that it was lower than the 151- to 188-month range that the district court ultimately adopted.

The two sides never reached a deal because Dibe failed to accept the May 18, 2012 proposed plea agreement before the government's offer expired. Due to a fast-approaching trial date, the government's offer expired one week after it was communicated, and Dibe did not sign the proposed plea agreement until May 29, 2012. Dibe's prior counsel presented the proposed agreement to his client and explained that it was Dibe's choice whether to accept it. According to Dibe's present counsel, "[b]ecause the tremendous benefits of the plea agreement were not explained, [Dibe] delayed signing this most favorable plea agreement." The government declined Dibe's late-tendered acceptance.

Instead, Dibe pleaded guilty without any agreement in July 2012. During the hearing before the district court, Dibe acknowledged that he had reviewed the Guidelines with his counsel and that he also understood how the various elements and factors would be used to determine his sentence. Dibe also acknowledged his understanding that, regardless of the ultimate Guidelines range, the court could sentence him to up to 20 years in prison, the statutory maximum.

In response to the district court's question about whether an open guilty plea was in Dibe's best interests, his counsel stated: "Now that the plea agreements that [have] been

offered have been . . . technically rejected by Mr. Dibe, it is my opinion and Mr. Dibe['s], as well as his family['s], [that] the best thing for him would be to do an open plea." Finally, through several different formulations of the same question, the court confirmed that Dibe was satisfied with his counsel's representation. Dibe then proceeded to plead guilty to the 15 counts as charged in the indictment.

## C. Sentencing

The Presentence Report (PSR) calculated a total offense level of 34 and a criminal-history category of I, resulting in a Guidelines range of 151 to 188 months of imprisonment. The government recommended that Dibe be sentenced to 151 months in prison, to be followed by three years of supervised release, and that he pay restitution of $1,079,445.18 and a mandatory special assessment of $1,500.

In December 2012, the district court relieved Dibe's original counsel at Dibe's request, in which his counsel also joined. The court subsequently appointed an attorney from the indigent-defense panel as Dibe's replacement counsel. Dibe's sentencing hearing was then continued several times at his request. During this time, Dibe and his present counsel considered the initiation of an ineffective-assistance-of-counsel claim regarding Dibe's prior counsel, but no such motion was ever filed.

In his sentencing memorandum filed in September 2013, however, Dibe argued that his prior counsel had been ineffective and that, as a result, the court should "vary his sentence downward to a reasonable sentence of less than 70 months." He asserted that this is the range that he would have faced had his prior counsel effectively explained to him

"how the Guidelines apply to his case *vis-a-vis* the most favorable plea agreement and an open plea, and had he been made aware of the manner in which his cooperation under U.S.S.G. [§] 5K1.1 could have provided leniency." In its reply, the government countered that ineffective assistance of counsel is not a proper sentencing factor and that, in any event, Dibe's prior counsel had not been ineffective.

Dibe appeared before the district court for his sentencing hearing in October 2013. At the hearing, Dibe's counsel urged the court to consider the alleged ineffective assistance of prior counsel as a mitigating factor—specifically, as part of "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed . . . to promote respect for the law." *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A). The court instead agreed with the government that ineffective assistance of counsel should not be considered at sentencing:

> The Court does not agree that this is a factor to be considered under the 3553(a) factors as written. It's not the nature and circumstances of the case; it's the nature and circumstances of the offense. And ineffective assistance of counsel, even if it did occur, is not, in my view, a part of the nature and circumstances of the offense.

The court did, however, acknowledge the difficulty of "put[ting] out of one's mind the argument that counsel has made, again, even without conceding or agreeing that prior counsel was ineffective."

Nevertheless, the district court emphasized that, even if Dibe had timely accepted the government's proposed plea agreement, the court would not have been bound by its terms:

> There is no requirement that the Court determine its ultimate sentence by comparison to a plea agreement the defendant did not timely accept. Even if the defendant had accepted it, there certainly was no guarantee that the Court would go along with any recommendation by the government, and the Court generally believes that the guidelines range for this type of crime is often too low.

The court further added that it "would most certainly have calculated a higher range than the one suggested by the plea agreement."

In the end, the district court adopted the PSR's Guidelines calculation, which set the range at 151 to 188 months of imprisonment. The court, in considering the § 3553(a) sentencing factors, restated that it was "not inclined to vary downward from the properly-calculated guidelines range based on the claims of ineffective assistance alone."

Although the district court did not find anything about Dibe's crime to be "particularly mitigating," it ultimately concluded that "a sentence somewhat lower than the guidelines range is appropriate" because "the guidelines range, especially for someone with Mr. Dibe's history and background and age, just does seem more than is reasonable and sufficient and somewhat greater than necessary to comply with the purposes stated in [§] 3553(a)." The court accordingly sentenced Dibe to 120 months of imprisonment,

to be followed by three years of supervised release, and ordered Dibe to pay $1,079,445.18 in restitution and a special assessment of $1,500.

## II. ANALYSIS

### A. Standard of review

A district court's sentencing decisions are reviewed under the abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). On appeal, "only a procedurally erroneous or substantively unreasonable sentence will be set aside." *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (citing *Rita v. United States*, 551 U.S. 338, 341 (2007)). We first consider whether the district court committed a significant procedural error, and then we consider whether the sentence is substantively reasonable. *Id.* (citing *Gall*, 552 U.S. at 51).

Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51; *see also Carty*, 520 F.3d at 993. When reviewing for substantive reasonableness, we consider the totality of the circumstances. *Carty*, 520 F.3d at 993.

**B.  The district court did not err when it declined to vary downward based on Dibe's ineffective-assistance-of-counsel claim**

Dibe seeks a limited remand "that affirms the district court's authority to exercise its discretion and consider appellant's ineffective assistance of counsel argument in full." He claims that the district court erred in (1) its belief that it lacked the authority to consider ineffective-assistance-of-counsel claims at sentencing, and (2) its failure to consider such a claim as part of the complete history and characteristics of the defendant under 18 U.S.C. § 3553(a)(1) and the mandate to promote respect for the law under § 3553(a)(2)(A). We conclude, however, that neither claim has merit.

### 1.  *Ineffective assistance of counsel is not a § 3553(a) sentencing factor*

Dibe cites *United States v. Rivera-Sanchez*, 222 F.3d 1057 (9th Cir. 2000), to support his proposition that "a district court does have the authority to consider an ineffective assistance of counsel claim at sentencing." But the court in *Rivera-Sanchez* actually declined to reach the merits of that question because "the district court's decision not to depart downward was discretionary and not based on its belief that it did not have the authority to do so." *Id.* at 1064. Specifically, "[t]he fact that the district court stated that it felt there was no 'basis' for a downward departure and that a departure was 'not warranted' does not indicate that the court believed it lacked authority to depart downward for ineffective assistance of counsel." *Id.* at 1064–65 (citing *United States v. Robinson*, 958 F.2d 268, 272 (9th Cir. 1992)).

This court has in fact answered in the negative when directly confronted with the question whether ineffective assistance of counsel is a proper sentencing factor. In *United States v. Crippen*, 961 F.2d 882, 885 (9th Cir. 1992), this court held that ineffective assistance of counsel "is simply not a 'mitigating or aggravating' circumstance or otherwise a sentencing factor pursuant to § 3553(a)." *See also United States v. Basalo*, 258 F.3d 945, 950 (9th Cir. 2001) (agreeing with the Second Circuit that "ineffective assistance of counsel may not be used as a mitigating factor").

The fact that *Crippen* and *Basalo* were decided before *United States v. Booker*, 543 U.S. 220 (2005), does not change our analysis. In making the Guidelines advisory instead of mandatory, *Booker* did not affect the scope of the § 3553(a) sentencing factors. *See id.* at 259 ("Without the 'mandatory' provision, the Act nonetheless requires judges to take account of the Guidelines together with other sentencing goals." (citing 18 U.S.C. § 3553(a))). Sentencing courts, in other words, no doubt have greater discretion post-*Booker*, but that discretion is still tied to the § 3553(a) statutory sentencing factors. *See Kimbrough v. United States*, 552 U.S. 85, 101 (2007) ("*Booker* permits the court to tailor the sentence in light of other *statutory* concerns as well.") (emphasis added) (internal quotation marks omitted); *see also Pepper v. United States*, 562 U.S. 476, 131 S. Ct. 1229, 1241 (2011) ("[D]istrict courts may impose sentences within statutory limits based on appropriate consideration of all of the factors listed in § 3553(a) . . . .").

The district court, in declining to vary downward based on Dibe's allegations of ineffective assistance of counsel, correctly concluded that ineffective assistance is not within the enumerated § 3553(a) factors. As the court explained,

ineffective assistance does not fall under the "nature and circumstances of the offense," *see* 18 U.S.C. § 3553(a)(1)—in this case, wire fraud. Nor does it reflect the "history and characteristics of the defendant," *see id.*, or the need for the sentence "to promote respect for the law," *see id.* § 3553(a)(2)(A).

Dibe points to the Supreme Court's holding that a defendant's post-sentencing rehabilitation is part of a defendant's "history and characteristics," *Pepper*, 131 S. Ct. at 1242, to support his argument that ineffective assistance of counsel is likewise part of the "history and characteristics" of a defendant. The Court in *Pepper* reasoned that "evidence of [a defendant]'s conduct since his release from custody . . . provides the most up-to-date picture of [that defendant]'s 'history and characteristics.'" *Id.* (citing *United States v. Bryson*, 229 F.3d 425, 426 (2d Cir. 2000) (per curiam)). Ineffective assistance of counsel at the plea-bargaining stage, however, is distinguishable from a defendant's post-sentencing rehabilitation because Dibe's ineffective-assistance claim has nothing to do with his *own* conduct.

Similarly, Dibe's argument that the district court's failure to vary downward based on ineffective assistance does not "promote respect for the law" is incongruous with this court's previous interpretations of what promoting respect for the law means. *See United States v. Nielsen*, 694 F.3d 1032, 1044 (9th Cir. 2012) (referencing, among other things, the defendant's failure to register as a sex offender and his difficulties with supervision in discussing the need for the 480-month sentence to promote respect for the law); *United States v. Edwards*, 595 F.3d 1004, 1010–11, 1015–16 (9th Cir. 2010) (noting that the defendant's pre-indictment changes to his life showed respect for the law). Dibe's

argument about promoting respect for the law is more properly directed at preserving the integrity of judicial proceedings, which—like ineffective assistance of counsel— is not listed as a sentencing factor under § 3553(a).

This is not to suggest that sentencing courts are limited to factors relating to a defendant's personal history or to the crime at issue. Such a position was in fact expressly rejected by this court in *United States v. Crippen*, 961 F.2d 882, 885 (9th Cir. 1992) (holding that a sentencing court may depart for other mitigating or aggravating circumstances unrelated to a defendant's personal history or to the crime in question). But "for a factor to be considered, it must be tied to *some* penological purpose or legitimate sentencing concern expressed in the Sentencing Reform Act." *Id.* (emphasis in original). Ineffective assistance of counsel is not so expressed.

And contrary to Dibe's argument, this court's recent decision in *United States v. Steele*, 733 F.3d 894 (9th Cir. 2013), does not call for a different result. The *Steele* court adopted the reasoning of the Second Circuit's decision in *United States v. Brown*, 623 F.3d 104 (2d Cir. 2010), holding that a district court may, at its discretion, consider an ineffective-assistance-of-counsel claim prior to judgment. *Steele*, 733 F.3d at 897.

But *Steele* and *Brown* are distinguishable from the instant case in two critical ways. First, both cases considered a district court's discretion to decide ineffective-assistance-of-counsel claims in the context of specific motions: Steele filed a prejudgment motion for a new trial, *Steele*, 733 F.3d at 897, and Brown filed a presentencing petition for habeas relief pursuant to 28 U.S.C. § 2241 (which the court construed as a

motion for a new trial after holding that a § 2241 motion is not the proper vehicle with which to advance a presentencing ineffective-assistance claim), *Brown*, 623 F.3d at 113 n.5. Dibe was unable to file a motion for a new trial because there was never a trial in this case, but he could have filed—yet did not—a motion to withdraw his guilty plea pursuant to Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure. Second, just because district courts *have the discretion to consider* motions claiming ineffective assistance of counsel before judgment or sentencing does not mean that they *must consider* such claims as a sentencing factor. We therefore conclude that the district court's failure to consider ineffective assistance of counsel as a sentencing factor was not a procedural error, significant or otherwise.

### 2.  *A downward variance at sentencing is not the proper remedy for the ineffective assistance of counsel*

Ineffective assistance of counsel, unlike the enumerated § 3553(a) factors, is "a constitutional violation of a defendant's rights," and such a violation "requires a remedy specifically tailored to the constitutional error." *United States v. Basalo*, 258 F.3d 945, 951 (9th Cir. 2001) (quoting *United States v. Carmichael*, 216 F.3d 224, 227 (2d Cir. 2000)) (internal quotation marks omitted). As this court held in *Basalo*, a downward departure or variance at sentencing is not the appropriately tailored remedy for the ineffective assistance of counsel:

> "A finding that a convicted defendant has received ineffective assistance of counsel necessarily calls into question the validity of the conviction. By contrast, the imposition of a sentence (with or without a downward

> departure) and the entry of judgment necessarily assumes the validity of the conviction. A downward departure on ineffective assistance grounds is impermissible because it simultaneously assumes the validity of a defendant's conviction and conspicuously calls its validity into doubt."

*Id.* at 950 (quoting *United States v. Bicaksiz*, 194 F.3d 390, 398 (2d Cir. 1999)).

A more appropriate remedy for the ineffective assistance of counsel would be to allow Dibe to withdraw his guilty plea, or to require the government to re-extend its proposed plea agreement. *See Johnson v. Uribe*, 700 F.3d 413, 426 (9th Cir. 2012) (holding that ineffective assistance rendered during "the entire plea negotiation stage" would entitle the defendant to a remedy returning him to the "pre-plea stage"), *amending and superseding* 682 F.3d 1238 (9th Cir. 2012). Dibe, however, seeks neither remedy on appeal, and asks us instead to remand for resentencing. Because we conclude that the district court did not err, we decline to do so. Dibe can raise any ineffective-assistance-of-counsel claim, which is "generally inappropriate on direct appeal," in a post-conviction proceeding under 28 U.S.C. § 2255. *See United States v. Ross*, 206 F.3d 896, 900 (9th Cir. 2000).

## C. Dibe's below-Guidelines sentence is substantively reasonable

Finally, Dibe challenges the substantive reasonableness of his 120-month sentence. But his argument rests on the same alleged procedural error discussed above—the district

court's failure to consider his ineffective-assistance-of-counsel claim at sentencing. Because we have concluded that his argument is foreclosed by this court's own precedent, we see no reason to disturb the district court's below-Guidelines sentence in this case. We also "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance," and will not reverse just because we believe a different sentence is appropriate. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38, 51, 59–60 (2007) (internal quotation marks omitted)).

### III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.