NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ANDRE ANTONIO WALTERS,

Defendant-Appellant.

No.    17-10266

D.C. No. 2:12-cr-00375-TLN

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Argued and Submitted July 16, 2019
San Francisco, California

Before:  PAEZ and RAWLINSON, Circuit Judges, and HUCK,** District Judge.

Appellant, Andre Antonio Walters, was convicted on four counts of mail fraud resulting from his participation in a complex scheme to defraud the State of California Employment Development Department ("EDD"). Walters argues that: (1) the district court erred in holding him responsible for a loss amount of $5,263,934;

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Paul C. Huck, United States District Judge for the U.S. District Court for Southern Florida, sitting by designation.

(2) the district court erred in ordering restitution in the amount of $5,263,934; (3) if the correct loss amount is $5,263,934, his 73-month term of imprisonment is substantively unreasonable; and (4) the district court abused its discretion by denying his request to continue the sentencing hearing. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291 and we affirm.

## 1. Loss Calculation and Restitution

"We review the district court's interpretation of the Guidelines de novo, the district court's application of the Guidelines to the facts of the case for abuse of discretion, and the district court's factual findings for clear error." *United States v. Treadwell*, 593 F.3d 990, 999 (9th Cir. 2010).

The district court correctly determined the amount of loss by a preponderance of the evidence. *See id.* at 1001–02. Moreover, the district court did not err in finding that Walters was responsible for the full loss associated with two shell companies, Peco Media and Financial Builders Emporium. *See id.* at 1004–05. Walters may only be held responsible for "the loss that fell within the scope of [his] agreement with his co-conspirators and was reasonably foreseeable to [him]." *Id.* at 1002; *see also* U.S.S.G. § 1B1.3(a)(1)(B). There is ample evidence in the record of Walters' extensive involvement in the unemployment benefits fraud scheme and with the scheme's leader, Donye Mitchell, such that the loss of the entire scheme tied to Peco Media and Financial Builders Emporium was

reasonably foreseeable to Walters. The evidence includes extensive spreadsheets, documents, and trial testimony identifying Walters as a significant and knowing participant in the scheme. Walters, along with the other managers, also used common facilities, including call centers set up in two condominium units, to perpetuate the scheme.

We also find no error in the district court's restitution order because the ordered restitution amount is EDD's actual loss for which Walters was properly held responsible.[1] *See United States v. Thomsen*, 830 F.3d 1049, 1065–66 (9th Cir. 2016).

## 2. Substantive Reasonableness of Sentence

We review a sentence "under a deferential abuse-of-discretion standard," and will set a sentence aside only if it is "procedurally erroneous or substantively unreasonable." *United States v. Carty*, 520 F.3d 984, 988, 993 (9th Cir. 2008). "The touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Ressam*, 679 F.3d 1069, 1089 (9th Cir. 2012) (citation omitted).

---

[1] We review de novo "[t]he legality of an order of restitution" and review for clear error "factual findings supporting the order." *United States v. Brock-Davis*, 504 F.3d 991, 996 (9th Cir. 2007) (citations omitted). "Provided that it is within the bounds of the statutory framework," we review a restitution order for abuse of discretion. *Id.* (citations omitted).

17-10266

Walters argues that his sentence is substantively unreasonably considering his limited role in the scheme, his likely deportation, and his co-schemers' shorter sentences. Walters' sentence, which is twenty-four months below the low end of the guidelines range, is not substantively unreasonable. The record reflects that the district court considered the § 3553(a) factors in determining Walters' sentence. And, the district court detailed the overwhelming evidence against Walters concerning his role in the scheme which the district court considered in determining Walters' sentence. Further, Walters is not similarly situated to his co-schemers because unlike Walters, his co-schemers plead guilty to their charges and cooperated with the Government. *See United States v. Carter*, 560 F.3d 1107, 1121 (9th Cir. 2009) ("[A] sentencing disparity based on cooperation [with the Government] is not unreasonable."). The district court was also not required to consider Walters' likely deportation as a factor in determining Walters' sentence. *See United States v. Crippen*, 961 F.2d 882, 885 (9th Cir. 1992); *United States v. Alvarez-Cardenas*, 902 F.2d 734, 737 (9th Cir. 1990).

### 3.  Denial of Request for Continuance

We review for abuse of discretion the decision to grant or deny a requested continuance. *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985). Here, the district court did not abuse its discretion in denying Walters' fourth request for a continuance of his sentencing hearing. Walters was not meaningfully prejudiced by

the denial, he failed to exercise diligence, and the evidence that Walters hoped to present would not have been useful in light of other available evidence in the record. *See United States v. Rivera-Guerrero*, 426 F.3d 1130, 1130–40 (9th Cir. 2005); *Flynt*, 756 F.2d at 1358–59.

**AFFIRMED.**