**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-56268 |
| Plaintiff-Appellee, | D.C. Nos.    2:18-cv-01247-DSF |
| v. | 2:16-cr-00509-DSF-1 |
| DARRYL WAYNE GENIS, Esquire, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted October 6, 2020[**]
Pasadena, California

Before:  HURWITZ, BRESS, and BUMATAY, Circuit Judges.

Darryl Genis pleaded guilty to three counts of willful failure to file income

tax returns.  He now seeks review of the district court's denial of his federal habeas

petition.  *See* 28 U.S.C. § 2255.  We have jurisdiction under 28 U.S.C. § 2253 and

now affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1.     Genis argues that his lawyer provided ineffective assistance of counsel by not sufficiently investigating or presenting his gambling addiction as a mitigating factor at sentencing.  We review *de novo* the denial of § 2255 relief.  *United States v. Swisher*, 811 F.3d 299, 306 (9th Cir. 2016) (en banc).  To demonstrate ineffective assistance, Genis must show that (1) counsel performed deficiently, and (2) counsel's deficient performance prejudiced Genis.  *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

Counsel's actions did not fall below "an objective standard of reasonableness."  *Id.* at 688.  Counsel did not further investigate Genis's gambling addiction because he did not believe the defense credible.  Under *Strickland*, counsel was not required "to investigate every conceivable line of mitigating evidence no matter how unlikely the effort would be to assist the defendant."  *Knowles v. Mirzayance*, 556 U.S. 111, 127 (2009) (quoting *Wiggins v. Smith*, 539 U.S. 510, 533 (2003)).  In any event, Genis's lawyer did raise Genis's gambling addiction at sentencing, asking the district court to consider it.

Even if he could show deficient performance, Genis cannot demonstrate prejudice.  The district court rejected Genis's gambling addiction as a mitigating factor at sentencing.  The district court also determined that no strong nexus existed between Genis's gambling addiction and his willful failure to file income tax returns.  Genis provides no basis to conclude that "the result of the proceeding would have

2

been different" with further exposition of his claimed gambling addiction. *Strickland*, 466 U.S. at 694.

2. Genis also argues that his counsel was ineffective in advising him to enter a plea agreement that included civil fraud penalties. The district court assumed that counsel was ineffective and that Genis had been prejudiced, but also found that the government had intended for civil fraud penalties to be part of the plea deal (the penalties were clearly set forth in the agreement). In light of its determination that there was no "mutual agreement" between the parties on the civil penalties issue, the district court held it would allow Genis to withdraw his guilty plea if he so desired. But it rejected Genis's requested remedy: that the court enforce the plea agreement minus the civil penalties.

We review for abuse of discretion the district court's chosen § 2255 remedy. *Troiano v. United States*, 918 F.3d 1082, 1086 (9th Cir. 2019). The district court did not abuse its discretion here. The typical remedy for a "successful collateral challenge to a guilty plea [is] an opportunity to withdraw the plea." *Padilla v. Kentucky*, 559 U.S. 356, 372–73 (2010); *see also United States v. Dibe*, 776 F.3d 665, 672 (9th Cir. 2015), *as amended* (Feb. 11, 2015) ("A more appropriate remedy for the ineffective assistance of counsel would be to allow [the defendant] to withdraw his guilty plea, or to require the government to re-extend its proposed plea agreement."). Based on its factual finding following an evidentiary hearing that

3

the government did not know it had a different understanding of the plea agreement than Genis, the district court's chosen remedy for any ineffective assistance of counsel was reasonable and not an abuse of discretion.

3.     Genis requests a certificate of appealability on various other issues. We have carefully reviewed this request and deny it because Genis has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

**AFFIRMED.**