NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 6 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-1564 |
| Plaintiff - Appellee, | D.C. No. 4:22-cr-06033-MKD-1 |
| v. | |
| MARK STEVEN WHITE, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Mary K. Dimke, District Judge, Presiding

Submitted May 22, 2025**
Seattle, Washington

Before: GOULD, TALLMAN, and CHRISTEN, Circuit Judges.

Defendant, Mark Steven White, appeals the district court's imposition of a

78-month sentence of incarceration for possession of a firearm as a prohibited

person in violation of 18 U.S.C. § 922(g)(1). "A district court's sentencing

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

decisions are reviewed under the abuse-of-discretion standard." *United States v. Dibe*, 776 F.3d 665, 669 (9th Cir. 2015). "[O]nly a procedurally erroneous or substantively unreasonable sentence will be set aside" on appeal. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008). "A sentence is substantively reasonable if it is sufficient, but not greater than necessary" to accomplish the sentencing goals. *United States v. Thompson*, 130 F.4th 1158, 1164 (9th Cir. 2025) (citation omitted).

White contends that his current, above-Guidelines sentence is tainted by the district court's reference to a sentence he received in 2005 for violation of the same statute. At that time, White received a four-point enhancement in the calculation of his Guidelines sentencing range based on crimes of violence in his criminal history. But the crimes at issue are no longer classified as crimes of violence under this circuit's precedent, and the four-point enhancement was not applied in calculating the current sentence. *See Johnson v. United States*, 576 U.S. 591 (2015). However, the district court commented on the fact that White was not deterred by the 2005 sentence, as evidenced by the current proceedings. White contends that the district court's mention of the 2005 sentence tainted the current sentence.

When imposing a sentence,

> the district court is to 'impose a sentence sufficient, but not greater than necessary' to reflect the seriousness of the

24-1564

offense, promote respect for the law, and provide just punishment; to afford adequate deterrence, to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment.

*United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (quoting 18 U.S.C. §§ 3553(a) and (a)(2)). If the district judge determines that a sentence outside of the Guidelines range is warranted, "[s]he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of variance." *Gall v. United States*, 552 U.S. 38, 54 (2007).

Here, the sentencing judge correctly identified the Section 3553(a) factors before proceeding in her analysis. The court considered White's personal background and criminal history, noting that White has had numerous firearm-related offenses, including offenses committed while on supervision resulting from previous convictions. The court also considered the details of the instant offense and remarked on "serious concerns about the safety of the community with Mr. White[.]" The court noted White's recent relocation from Benton County Jail, stating that they "can't get Benton County Jail to house you because of all the problems you caused while you were there." The court found this to be "indicative of the inability to conform oneself to a way, behavior the community expects and to keep the community safe." The court also found that, because White's 78-month sentence in 2005 did not deter him from committing the instant offense, a

lesser sentence would be unlikely to deter him from committing similar offenses in the future.  The court ultimately concluded that a sentence above the Guidelines range of 30-37 months was necessary to achieve the goals outlined by § 3553(a).

The district court's analysis adhered to the factors established by § 3553(a) to craft a sentence "sufficient, but not greater than necessary" to accomplish the sentencing goals.  *Thompson*, 130 F.4th at 1164 (citation omitted).  White's criminal history and recent misconduct indicated that a 78-month sentence was required to protect the community and deter him from future criminal conduct.  As such, the sentence was substantively reasonable.

**AFFIRMED.**