NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 8 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TREVION DARNELL MITCHELL, AKA
Tavion Mitchell,

Defendant - Appellant.

No. 24-1619

D.C. No.
2:21-cr-00156-JCM-MDC-1

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted December 2, 2025
San Francisco, California

Before: R. NELSON, COLLINS, and VANDYKE, Circuit Judges.

Defendant-Appellant Trevion Mitchell is a serial domestic abuser and felon
who possessed a handgun while kidnapping and repeatedly beating the mother of his
children. Mitchell pled guilty to possessing a firearm as a prohibited person, in
violation of 18 U.S.C. § 922(g)(1), (9), and the district court imposed a

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

within-Guidelines sentence of 120 months' imprisonment. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm.

We review a district court's interpretation of the Guidelines and whether a sentence violates a defendant's constitutional rights de novo. *United States v. Parlor*, 2 F.4th 807, 811 (9th Cir. 2021); *United States v. Barlow*, 83 F.4th 773, 779 (9th Cir. 2023). We review the district court's application of the Guidelines to the facts for abuse of discretion. *Parlor*, 2 F.4th at 811.

On appeal, Mitchell claims that the court misapplied the United States Sentencing Guidelines (USSG), violated his Fifth and Sixth Amendment rights, and procedurally erred. Because Mitchell's counsel withdrew the argument that he did not knowingly and voluntarily plead guilty, we address only Mitchell's remaining arguments. All of them fail.

1. The district court correctly applied the enhancement for possessing a firearm "in connection with another felony offense" under USSG § 2K2.1(b)(6)(B) (2023). To establish this enhancement, the Government must prove by a preponderance of the evidence that "the firearm was possessed in a manner that permits an inference that it facilitated or potentially facilitated—*i.e.*, had some potential emboldening role in—a defendant's felonious conduct." *United States v. Gonzales*, 506 F.3d 940, 947 (9th Cir. 2007) (en banc) (citation omitted).

On possession, Mitchell is incorrect that "mere constructive possession is insufficient" to apply § 2K2.1(b)(6)(B). *See United States v. Ellis*, 241 F.3d 1096, 1099–100 (9th Cir. 2001); *United States v. Cazares*, 121 F.3d 1241, 1245 (9th Cir. 1997). Police located the loaded handgun on a closet shelf next to "paperwork belonging to Mitchell along with various other personal effects indicating that Mitchell reside[d] within the bedroom where the firearm was located." Mitchell's constructive possession of the firearm—as evidenced by its "close proximity" to him in the closet and the victim's corroborated testimony—was sufficient to apply the enhancement. USSG § 2K2.1(b)(6)(B), cmt. n.14(B).

On facilitation, the victim described to 911 dispatchers, and later to police and a Nevada grand jury, how Mitchell threatened to shoot her with the gun if she did not come back after she fled the apartment. Mitchell's threats to use the firearm showed that the firearm "potentially facilitated" or emboldened Mitchell's kidnapping and beating of the victim. *See Gonzales*, 506 F.3d at 947.

Mitchell's Fifth and Sixth Amendment arguments are meritless. Defendants generally have no right to a jury trial or evidentiary hearing at sentencing. *Barlow*, 83 F.4th at 779–80; *United States v. Stein*, 127 F.3d 777, 780–81 (9th Cir. 1997). "Due process requires that some minimal indicia of reliability accompany a hearsay statement" introduced at sentencing. *United States v. Petty*, 982 F.2d 1365, 1369 (9th Cir. 1993). But ample evidence corroborated the victim's story: her 911 call,

her interview with police, photographs of her injuries and of property damage Mitchell caused, surveillance video of her attempted escape, text messages between her and Mitchell, and jail calls between them following his arrest. And, of course, police ultimately located the firearm near Mitchell's other effects in the apartment where he confined the victim and beat her, and to which he dragged her back after threatening to shoot her during her attempted escape.

2. The district court correctly applied USSG § 5G1.3 (2023), which provides that if a "state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction . . . the sentence for the instant offense shall be imposed to run concurrently." USSG § 5G1.3(c). Mitchell's state case was still pending at the time of his federal sentencing. Although he had served 1009 days' jail time in state pretrial detention, Mitchell had not yet been sentenced to "a term of imprisonment result[ing] from [the state] offense." USSG § 5G1.3(b). Thus, the district court explained at sentencing that § 5G1.3(b) "does not apply here because the defendant has not yet been found guilty, let alone sentenced, in his related State case." But, pursuant to § 5G1.3(c), the court correctly ordered Mitchell's federal sentence to run concurrently to his anticipated state sentence. In any event, the Bureau of Prisons credited Mitchell's time in state pretrial detention to his federal sentence.

3. Finally, the district court did not procedurally err when it mistakenly

referred to 120 months' imprisonment as "a low-end guideline sentence." *See United States v. Dibe*, 776 F.3d 665, 669 (9th Cir. 2015). Because Mitchell did not object on procedural grounds before the district court, we review for plain error. *United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). Far from showing inconsistency or misinterpreting the Guidelines, the court's isolated misstatement did not impact its reasoning or sentence. The court necessarily acknowledged the severity of Mitchell's offense conduct when it overruled his various objections, and it heard the Government argue why Mitchell's multiple domestic violence convictions, his "particularly egregious and violent" conduct, and his witness intimidation all justified handing down "a 120-month sentence" at "the high end of the standard guideline range." The court also heard Mitchell's counsel argue for "a lower sentence than 120 months, significantly lower." When the court sentenced Mitchell, it confirmed that its decision was based on "statements of counsel for the Government, counsel for the defendant," "the pre-sentence report," and "the factors set forth in 18 U.S.C. § 3553(a)." The record shows a reasoned, intentional decision to impose a high-end Guidelines sentence of 120 months' imprisonment. Thus, any error from the district court's misstatement did not affect Mitchell's substantial rights. *See United States v. Dallman*, 533 F.3d 755, 761–62 (9th Cir. 2008).

**AFFIRMED.**