**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

JOSE LUIS HERNANDEZ-MARTINEZ,
AKA Efigenio Aispuro-Aispuro,
*Defendant-Appellant.*

No. 15-30309

D.C. No.
3:98-cr-00572-
MO-8

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

EFIGENIO AISPURO-AISPURO, AKA
Jose Luis Hernandez-Martinez,
*Defendant-Appellant.*

No. 15-30310

D.C. No.
3:06-cr-00274-
MO-3

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

ALEJANDRO RENTERIA-SANTANA,
*Defendant-Appellant.*

No. 15-30315

D.C. No.
3:10-cr-00250-
MO-1

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

BARTOLO FAVELA GONZALES, AKA
Bartolo, AKA Gordo, AKA Jose
Everando Sanchez-Avendano, AKA
Jose Martin Verdugo,
*Defendant-Appellant.*

No. 15-30347

D.C. No.
3:06-cr-00233-
MO-1

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

JOSE GARCIA-ZAMBRANO,
*Defendant-Appellant.*

No. 15-30351

D.C. No.
3:11-cr-00467-
MO-4

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

EDWIN MAGANA-SOLIS, AKA
Manuel Cardenas-Landa, AKA
Roberto Lopez-Delgado, AKA
Meno,
*Defendant-Appellant.*

No. 15-30352

D.C. No.
3:11-cr-00467-
MO-8

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee*,

          v.

DIEGO BERMUDEZ-ORTIZ,
          *Defendant-Appellant.*

No. 15-30353

D.C. No.
3:11-cr-00467-
MO-3

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee*,

          v.

OBDULIO ALVARADO-PONCE,
          *Defendant-Appellant.*

No. 16-30000

D.C. No.
3:12-cr-00442-
MO-1

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee*,

          v.

KAO FEY SAECHAO, AKA
Doughboy,
          *Defendant-Appellant.*

No. 16-30170

D.C. No.
3:11-cr-00096-
MO-1

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

ANGEL RAMIREZ-ARROYO,
*Defendant-Appellant.*

No. 16-30199

D.C. No.
3:08-cr-00228-
MO-3

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

FRANKY ENRIQUE ALVARADO-
GOMEZ,
*Defendant-Appellant.*

No. 16-30294

D.C. No.
3:08-cr-00294-
MO-1

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

OSCAR FRANCISCO MACIAS-OVALLE,
AKA Tijuana,
*Defendant-Appellant.*

No. 17-30013

D.C. No.
3:08-cr-00228-
MO-1

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Chief Judge, Presiding

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

LUIS PULIDO-AGUILAR,
*Defendant-Appellant.*

No. 15-30354

D.C. No.
3:10-cr-00142-
KI-1

Appeal from the United States District Court
for the District of Oregon
Garr M. King, District Judge, Presiding

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

JOSE CARRANZA GONZALEZ,
*Defendant-Appellant.*

No. 15-30377

D.C. No.
3:12-cr-00154-
SI-1

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

ALEKSANDER GORBATENKO,
*Defendant-Appellant.*

No. 15-30385

D.C. No.
3:10-cr-00396-
SI-1

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

OMAR PEREZ-MEDINA,
*Defendant-Appellant.*

No. 16-30004

D.C. No.
3:12-cr-00660-
SI-1

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

EDUARDO BOCANEGRA-MOSQUEDA,
*Defendant-Appellant.*

No. 15-30383

D.C. No.
6:11-cr-60135-
AA-1

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

ROBERTO CERVANTES-ESTEVA, AKA
Victor Antonio Cervantes,
*Defendant-Appellant.*

No. 15-30391

D.C. No.
6:12-cr-00400-
AA-1

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

JULIAN ALARCON CASTANEDA,
*Defendant-Appellant.*

No. 16-30040

D.C. No.
3:11-cr-00412-
BR-1

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

SERGIO AGUILAR-SAHAGUN,
*Defendant-Appellant.*

No. 16-30041

D.C. No.
3:10-cr-00311-
BR-1

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

PABLO BARAJAS LOPEZ,
*Defendant-Appellant.*

No. 16-30090

D.C. No.
3:07-cr-00050-
BR-5

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee*,

                    v.

MOISES LOPEZ-PRADO,
          *Defendant-Appellant.*

No. 16-30089

D.C. No.
3:10-cr-00510-
JO-3

Appeal from the United States District Court
for the District of Oregon
Robert E. Jones, District Judge, Presiding

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee*,

                    v.

FRANCISCO JAVIER CARDENAS-
CORONEL,
          *Defendant-Appellant.*

No. 16-30162

D.C. No.
3:12-cr-00227-
HZ-1

OPINION

Appeals from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Argued and Submitted March 7, 2019
Portland, Oregon

Filed August 13, 2019

Before:  Susan P. Graber and Marsha S. Berzon, Circuit Judges, and Eduardo C. Robreno,[*] District Judge.

Opinion by Judge Berzon

---

**SUMMARY**[**]

---

### Criminal Law

The panel affirmed the district court's denials of twenty-three defendants' motions pursuant to 18 U.S.C. § 3582(c)(2) for sentence reductions based on retroactive Sentencing Guidelines Amendment 782, which revised the Guidelines' drug quantity table by reducing the base offense level for most drugs and quantities by two levels.

The district courts denied the motions, concluding that the defendants were categorically ineligible in light of U.S.S.G. § 1B1.10(b)(2)(A), which generally prohibits a sentence reduction if the original term of imprisonment is below the lower end of the amended Guidelines range. The district courts further concluded that the defendants were not eligible for relief under the limited exception set forth in U.S.S.G. § 1B1.10(b)(2)(B), which applies when a defendant's original term of imprisonment was below the Guidelines range because of a reduction for substantial assistance to authorities and a § 3582(c)(2) sentence

---

[*] The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

reduction would be comparably below the amended Guidelines range.

The panel rejected the defendants' argument that *United States v. Padilla-Diaz*, 862 F.3d 856 (9th Cir. 2017)—which upheld § 1B1.10(b)(2), including its limited exception for substantial assistance departures, as consistent with both the governing statutes and constitutional requirements—is irreconcilable with the Supreme Court's later decision in *Hughes v. United States*, 138 S. Ct. 1765 (2018). The panel explained that *Hughes* considered an entirely different issue, when it held that a sentence imposed pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement is "based on" the defendant's Guidelines so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement. Because the intervening decision in *Hughes* is not in conflict with *Padilla-Diaz*, the panel concluded that it was bound by *Padilla-Diaz*'s conclusion regarding the interplay between the Guidelines policy statement contained in § 1B1.10(b)(2) and § 3582(c)(2).

---

## COUNSEL

Stephen R. Sady (argued), Chief Deputy Federal Public Defender; Elizabeth G. Daily, Assistant Federal Public Defender; Office of the Federal Public Defender, Portland, Oregon; Rosalind M. Lee, Rosalind Manson Lee LLC, Eugene, Oregon; for Defendants-Appellants.

Kelly A. Zusman (argued), Appellate Chief; Billy J. Williams, United States Attorney; United States Attorney's Office, Portland, Oregon; for Plaintiff-Appellee.

---

**OPINION**

BERZON, Circuit Judge:

These consolidated appeals were brought by defendants seeking to reduce their sentences for drug-related crimes. They invoke 18 U.S.C. § 3582(c)(2), which allows a court to reduce in certain circumstances a previously imposed sentence, and contend that the Supreme Court's recent interpretation of § 3582(c)(2) in *Hughes v. United States*, 138 S. Ct. 1765 (2018), requires that their motions for resentencing be granted, Ninth Circuit precedent to the contrary notwithstanding. *See United States v. Padilla-Diaz*, 862 F.3d 856 (9th Cir. 2017).

We conclude that *Padilla-Diaz* and *Hughes* are fully compatible. As *Padilla-Diaz* remains binding precedent, we affirm the district courts' denials of defendants' motions to receive sentence reductions pursuant to 18 U.S.C. § 3582(c)(2).

**I**

**A**

We begin with a brief overview of the statutory framework governing sentence reduction proceedings. Ordinarily, a federal court "may not modify a term of imprisonment once it has been imposed." *See* 18 U.S.C. § 3582(c). Congress has provided narrow exceptions to this proscription, including one based on changes to the United States Sentencing Guidelines ("Guidelines"): "A court may modify a defendant's term of imprisonment if the defendant was 'sentenced . . . based on a sentencing range that has subsequently been lowered' pursuant to a retroactive amendment to the U.S. Sentencing Guidelines." *United*

*States v. Rodriguez*, 921 F.3d 1149, 1153 (9th Cir. 2019) (quoting 18 U.S.C. § 3582(c)).

Where the "based on" requirement is met, § 3582(c)(2) establishes a two-step inquiry for sentence reduction proceedings.[1] At the first step, the district court decides eligibility for sentence reduction by determining whether "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 826 (2010). The policy statement applicable to § 3582(c)(2), United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, authorizes a sentence reduction if, but only if, the retroactive amendment has the "effect of lowering the defendant's applicable [G]uideline[s] range." U.S.S.G. § 1B1.10(a)(2)(B). Applying this policy statement, a district court determines whether the Guidelines range is lowered by calculating the "amended [G]uideline[s] range that would have been applicable to the defendant if the [relevant amendment] to the [G]uidelines . . . had been in effect at the time the defendant was sentenced." *Id.* at § 1B1.10(b)(1).

But that determination may not be the end of a district court's inquiry into eligibility for sentence reduction. Another provision of the policy statement—the one of principal relevance here—generally prohibits sentence reduction if the original term of imprisonment is below the lower end of the amended Guidelines range. *See id.*

---

[1] There is no dispute in this case that the original sentences were "based on a sentencing range that has subsequently been lowered by the U.S. Sentencing Commission," and so qualify for sentence reduction in that respect. 18 U.S.C. § 3582(c)(2).

§ 1B1.10(b)(2)(A).**[2]** The only exception to this limitation is where the defendant's original term of imprisonment was below the Guidelines range because of a reduction for substantial assistance to authorities and a § 3582(c)(2) sentence reduction would be comparably below the amended Guidelines range. *See id.* at § 1B1.10(b)(2)(B).

The second step of the § 3582(c)(2) inquiry applies to defendants determined eligible for sentence reduction. The court considers the 18 U.S.C. § 3553(a) factors and determines whether "the authorized reduction is warranted, either in whole or in part, according to the factors." *Dillon*, 560 U.S. at 826; *see also* 18 U.S.C. § 3582(c)(2). But the "court's consideration of the § 3553(a) factors may not

---

**[2]** Section 1B1.10(b)(2) reads in full:

> (A) Limitation.–Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

> (B) Exception for Substantial Assistance.–If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

> (C) Prohibition.–In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

'serve to transform the proceedings under § 3582(c)(2) into plenary resentencing proceedings.'" *Rodriguez*, 921 F.3d at 1154 (quoting *Dillon*, 560 U.S. at 827).**[3]**

**B**

Each of the twenty-three defendants in these consolidated cases was convicted of one or more drug-related offenses. The defendants' original terms of imprisonment were therefore calculated according to the Guidelines' drug quantity table, which determines the base offense level for drug-related offenses according to drug type and weight. In 2014, the U.S. Sentencing Commission adopted Amendment 782, which revised the Guidelines' drug quantity table by reducing the base offense level for most drugs and quantities by two levels. *See* U.S.S.G. supp. app. C amend. 782 (Nov. 1, 2014); U.S.S.G. § 2D1.1(c). Amendment 782 was later made retroactive for defendants, including those in this consolidated proceeding, who had been sentenced before the adoption of the Amendment. U.S.S.G. supp. app. C amend. 788 (Nov. 1, 2014).

Invoking Amendment 782, each defendant filed a § 3582(c)(2) motion to reduce his sentence. The assigned district courts denied the sentence reduction motions, concluding that the defendants were categorically ineligible under § 1B1.10(b)(2)(A) because downward variances or departures at the time of sentencing had resulted in original terms of imprisonment below the amended Guidelines range. The district courts further concluded that the

---

**[3]** This second step of the § 3582(c)(2) inquiry is not pertinent here. The only question on appeal is whether the district courts correctly determined that the defendants were ineligible for sentence reduction under § 1B1.10(b)(2)(A).

defendants were not eligible for § 1B1.10(b)(2)(B)'s limited exception, as their downward variances or departures had not been based on substantial assistance to authorities. Defendants appealed.

We review for abuse of discretion a district court's decision on a § 3582(c)(2) sentence reduction motion. *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). "A district court may abuse its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact." *United States v. Sprague*, 135 F.3d 1301, 1304 (9th Cir. 1998) (quoting *United States v. Plainbull*, 957 F.2d 724, 725 (9th Cir. 1992)).

## II

### A

*Padilla-Diaz* upheld § 1B1.10(b)(2), including its limited exception for substantial assistance departures, as consistent with both the governing statutes and constitutional requirements. 862 F.3d at 860–63. Defendants' principal argument is that we are not bound by *Padilla-Diaz* because the decision in that case is irreconcilable with the Supreme Court's later decision in *Hughes v. United States*. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (holding that the "issues decided by the higher court" are controlling when "the relevant court of last resort . . . undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable").

To guide our inquiry as to whether *Padilla-Diaz* and *Hughes* are reconcilable we begin by examining an earlier Supreme Court decision, *Dillon*, 560 U.S. 817. *Dillon* set forth the framework for reviewing motions for sentence

reduction and explained the role policy statements serve in §3582(c)(2) proceedings. We then examine *Padilla-Diaz* and *Hughes* in light of *Dillon*.

*Dillon* considered whether § 1B1.10, the policy statement that ordinarily includes the prohibition on reducing a sentence to a term below the amended Guidelines range, is advisory under *United States v. Booker*, 543 U.S. 220 (2005). In *Booker*, the Court held that the Guidelines are advisory in sentencing proceedings and so do not trigger the Sixth Amendment issues that arise under a mandatory sentencing regime. *Id.* at 243–44. The defendant in *Dillon* contended that *Booker*'s reasoning as to general sentencing proceedings applies with equal force to § 3582(c)(2) sentence reduction proceedings, such that § 1B1.10 is advisory only. 560 U.S. at 825.

*Dillon*, rejecting that argument, held that § 1B1.10 is binding in § 3582(c)(2) proceedings. *Id.* at 825–31. The Court reasoned that "sentence-modification proceedings authorized by § 3582(c)(2) are not constitutionally compelled," and so do not implicate the Sixth Amendment concerns present in *Booker*. *Id.* at 828. In distinguishing § 3582(c)(2) proceedings from the sentencing proceedings in *Booker*, *Dillon* emphasized that "§ 3582(c)(2) represents a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines." *Id.*

The distinction *Dillon* drew between general sentencing proceedings and § 3582(c)(2) sentence reduction proceedings informed our holding in *Padilla-Diaz.* The *Padilla-Diaz* defendants each had been accorded downward departures or variances at their original sentencings, with the result that their terms of imprisonment were below the later-amended Guidelines range. 862 F.3d at 859. The departures

or variances were not based on substantial assistance to authorities. *See id.* As the defendants' original sentences made them categorically ineligible for sentence reduction under § 1B1.10(b)(2)(A), the district courts refused to consider any reduction. The defendants in *Padilla-Diaz* raised two challenges relevant to our inquiry here.

First, the *Padilla-Diaz* defendants argued that U.S.S.G. § 1B1.10(b)(2)(A) conflicts with 28 U.S.C. § 991(b), the statute granting the U.S. Sentencing Commission broad authority over the promulgation of Guidelines amendments. They contended that § 991(b)(1)(B) granted the U.S. Sentencing Commission the authority to "'establish sentencing policies and practices' that 'avoid[] unwarranted sentencing disparities among defendants,'" *id.* at 860 (quoting 28 U.S.C. § 991(b)), and that U.S.S.G. § 1B1.10(b)(2)(A) generated such disparities by "nullif[ying] departures and variances from the [G]uideline[s] range." *Id.* at 861. We acknowledged in *Padilla-Diaz* that § 1B1.10(b)(2)(A) occasionally does lead to anomalous results but held that § 1B1.10(b)(2)(A) and § 991(b) were not in conflict. *Id. Padilla-Diaz* reasoned that § 991(b) was a statement of the U.S. Sentencing Commission's overall purposes and goals, not a specific directive requiring strict conformance such that § 1B1.10(b)(2)(A) could run afoul of it.[4] Relying on *Dillon*,

---

[4] *United States v. Tercero*, 734 F.3d 979 (9th Cir. 2013), addressed an issue similar to the statutory question posed in *Padilla-Diaz*. In *Tercero*, the district court reduced the defendant's sentence to a term at the lower end of the amended Guidelines range but denied the defendant's request for a further downward departure. *Id.* at 981. The district court concluded that § 1B1.10(b)(2)(A) prohibited any further reduction. *Id.* Among other matters, the defendant argued that § 1B1.10 conflicts with the Guidelines' purpose of instituting an "effective, fair sentencing system, with honest, uniform and proportionate sentences,"

*Padilla-Diaz* also noted that a § 3582(c)(2) sentence reduction, as an act of lenity, is "not constrained" by general sentencing policies, such as maintaining uniformity and avoiding unwarranted disparities. *Id.* (citing *Dillon*, 560 U.S. at 828).

Second, the defendants in *Padilla-Diaz* argued that § 1B1.10(b)(2)(A) violated the Fifth Amendment's guarantee of equal protection because it "irrationally den[ied] sentence reductions to offenders who received lower sentences while granting them to those who originally received higher sentences." *Id.* at 862. The government offered two justifications for the Guidelines policy statement's disparate treatment of the two groups of defendants: Making defendants' substantial assistance the only factor considered (1) simplifies sentence reduction proceedings, and (2) encourages defendants to cooperate with the government. *Id.* Acknowledging, once again, that § 1B1.10(b)(2)(A) "will sometimes produce unequal and arguably unfair results," *Padilla-Diaz* held that the sentence reduction limitation survived rational basis review on the basis of those two justifications. *Id.*

The following year, the Supreme Court decided *Hughes*. The question considered in *Hughes* was entirely different from those addressed in *Padilla-Diaz*.

*Hughes* considered for a second time an issue that had been before the Court several years earlier, in *Freeman v.*

---

because it prohibited the court from reducing her sentence further in light of her minor role in the offense. *Id.* at 983 (internal quotation marks omitted). We rejected the argument, concluding that the district court considered fairness in the original sentencing by considering the 18 U.S.C. § 3553(a) factors then. *Id.*

*United States*, 564 U.S. 522 (2011): Is a defendant who enters into a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement ("Type-C agreement") eligible for § 3582(c)(2) sentence reduction upon the enactment of a retroactive amendment to the Guidelines?[5] Specifically, the issue in *Hughes* was whether a Type-C agreement is "*based on* a sentencing range that has subsequently been lowered," such that a defendant is eligible for sentence reduction under § 3582(c)(2). *See* 138 S. Ct. at 1773 (emphasis added).[6] *Hughes* held that a "sentence imposed pursuant to a Type–C agreement is 'based on' the defendant's Guidelines range so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the

---

[5] In *Freeman*, no opinion or rationale commanded a majority of the Court and the federal circuits split in their application of the divided disposition. Invoking *Marks v. United States*, 430 U.S. 188 (1977), and its direction to adopt the "narrowest" opinion, eight circuits adopted the reasoning in Justice Sotomayor's concurrence, where she concurred only in the judgment and concluded that Type-C agreements are usually "based on" the agreements themselves, not the Guidelines. *See Freeman*, 564 U.S. at 535–36 (Sotomayor, J., concurring); *Hughes*, 138 S. Ct. at 1771. Two circuits, including our court, adopted the plurality opinion, which concluded that a defendant who pleaded guilty under a Type-C agreement may be eligible for sentence reduction if the term is "based on" a later-amended Guidelines range. *See Freeman*, 564 U.S. at 526; *Hughes*, 138 S. Ct. at 1771.

[6] In a Type-C agreement, the government and defendant stipulate to a "specific sentence or sentencing range" or the applicability or inapplicability of "a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor." Fed. R. Crim. P. 11(c)(1)(C). The district court must approve a Type-C agreement. A court may accept such an agreement only if it is either "within the applicable [G]uideline[s] range" or outside the Guidelines range with "justifiable reasons . . . set forth with specificity." U.S.S.G. § 6B1.2(c). Once the court accepts a Type-C agreement, it is binding on the court. *See* Fed. R. Crim. P. 11(c)(1)(C).

agreement." *Id.* at 1775. Hughes's original sentence was not below the amended Guidelines range, and *Hughes* did not consider at all the import of § 1B1.10(b)(2)(A), *id.* at 1774, the provision limiting sentence reductions to the lowest term recommended by the revised Guidelines range.

## B

Our case law is clear as to the effect of intervening law on prior circuit precedent: "[W]here the reasoning or theory of our prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority, a three-judge panel should consider itself bound by the later and controlling authority, and should reject the prior circuit opinion as having been effectively overruled." *Gammie*, 335 F.3d at 893.

Defendants contend that *Padilla-Diaz* and *Hughes* are clearly irreconcilable in two respects. First, defendants argue that *Hughes* rejected *Padilla-Diaz*'s premise that general sentencing policies do not constrain § 3582(c)(2) sentence reduction proceedings. As support for this argument, defendants point to several passages in *Hughes* in which the Court discussed the central purpose of the Sentencing Reform Act and two of its key sentencing policies—uniformity and avoiding unwarranted sentencing disparities.

But *Hughes* did *not* conclude that general sentencing policies constrain § 3582(c)(2) proceedings. Although *Hughes* referenced the sentencing goals of uniformity and avoiding unwarranted disparities, it did so primarily to highlight the sentencing disparities among courts in different federal circuits stemming from the Court's fractured opinion in *Freeman*. *See Hughes*, 138 S. Ct. at 1774–75; *see also id.* at 1779 (Sotomayor, J., concurring). Additionally, in discussing the Sentencing Reform Act's uniformity goal,

*Hughes* highlighted that the Act's purpose was furthered by interpreting § 3582(c)(2) as applying to *any* type of plea agreement "based on" the Guidelines, including Type-C agreements. *Id.* at 1776 (majority opinion). Nothing in *Hughes* addressed inter-defendant sentencing uniformity more generally, much less the sentence reduction limitation at issue here. Moreover, nothing in *Hughes* upended the Court's statement in *Dillon* that § 3582(c)(2) sentence reduction proceedings are acts of lenity, *see* 560 U.S. at 828, or *Padilla-Diaz*'s reasoning, based on *Dillon*, that such proceedings are therefore not ordinarily constrained by general sentencing policies, *see* 862 F.3d at 861.

Second, defendants contend that the relevant policy statement, § 1B1.10(b)(2)(A), conflicts with § 3582(c)(2) as interpreted in *Hughes*, as well as in *Koons v. United States*, 138 S. Ct. 1783 (2018), and that *Padilla-Diaz* misunderstood the scope of § 3582(c)(2). Specifically, defendants interpret *Hughes* and *Koons*, as *requiring* sentence reduction under § 3582(c)(2) for *every* term of imprisonment "based on" the Guidelines and argue that policy statements, such as § 1B1.10(b)(2)(A), may not limit the reduction of sentences for otherwise statutorily eligible terms of imprisonment. That argument is unpersuasive.

For starters, the statute expressly permits the U.S. Sentencing Commission to delineate sentence reduction eligibility through policy statements. Section 3582(c)(2) reads:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors

> set forth in section 3553(a) . . . , *if such a
> reduction is consistent with applicable policy
> statements issued by the Sentencing
> Commission.*

(emphasis added). Given that the statute's plain text requires consideration of applicable policy statements, 18 U.S.C. § 3582(c)(2) and the Guidelines policy statement, § 1B1.10(b)(2)(A), are not in conflict. Instead, pursuant to the statutory mandate, § 3582(c)(2) and applicable policy statements work in concert to determine eligibility for sentence reduction.[7] Nothing in *Hughes* suggests otherwise.

Defendants' invocation of *Koons* is as misplaced as its reliance on *Hughes*. The defendants in *Koons* did not satisfy § 3582(c)(2)'s "based on" requirement because their sentences were based on mandatory minimums and substantial assistance to authorities. They maintained that they were nonetheless eligible for sentence reduction because the applicable Guidelines policy statement, § 1B1.10(c), contemplated reductions for defendants in their position.[8] *Koons*, 138 S. Ct. at 1790. In rejecting that argument, *Koons* concluded that a "policy statement cannot alter § 3582(c)(2), which applies only when a sentence was

---

[7] We are not suggesting that *any* eligibility restriction in a policy statement would be valid. There could, for example, be policy statements applicable to sentence reduction proceedings that are invalid because inconsistent with a statutory provision other than § 3582(c)(2).

[8] Section 1B1.10(c) provides that, if the defendant provided substantial assistance to authorities and on that basis the court could impose a term of imprisonment below the mandatory minimum, the term of imprisonment should be determined without regard to U.S.S.G. § 5G1.1 (Sentencing on a Single Count of Conviction) or U.S.S.G. § 5G1.2 (Sentencing on Multiple Counts of Conviction).

'based on' a subsequently lowered range." *Id. Koons* explained that "[t]he Sentencing Commission may limit the application of its retroactive Guidelines amendments through its 'applicable policy statements.' But policy statements cannot make a defendant eligible when § 3582(c)(2) makes him ineligible." *Id.* (internal citations omitted) (quoting *Dillon*, 560 U.S. at 824–26).

Defendants argue here that the inverse of the reasoning in *Koons* is also true—that is, policy statements cannot render a defendant ineligible if they are otherwise eligible under § 3582(c)(2)'s "based on" requirement. As noted previously, § 3582(c)(2) commands otherwise; it permits policy statements to render a defendant ineligible for sentence reduction. In other words, the statute permits a sentence reduction when both of the following conditions are true—(A) the original term was "based on" a sentencing range that is later reduced; *and* (B) the reduction is consistent with the U.S. Sentencing Commission's policy statements. The problem in *Koons* was that (A) was not true; the problem here is that (B) is not true. Again, *Koons* explicitly recognized the second limitation, stating that "[t]he Sentencing Commission may limit the application of its retroactive Guidelines amendments through its 'applicable policy statements.'" *Id.*

In sum, the intervening decision in *Hughes* (as well as the opinion in *Koons*) is not in conflict with *Padilla-Diaz*. We are therefore bound by *Padilla-Diaz*'s conclusion regarding the interplay between the Guidelines policy statement contained in § 1B1.10(b)(2) and § 3582(c)(2).

## III

As *Padilla-Diaz* remains binding circuit precedent, defendants' various arguments on appeal are foreclosed.[9] We affirm the district courts' denials of the motions for sentence reduction under § 3582(c)(2).

**AFFIRMED.**

---

[9] Defendants also argue for reconsideration of the equal protection argument raised in *Padilla-Diaz.* Because *Padilla-Diaz* already rejected the argument, *see* 862 F.3d at 862, and remains binding circuit precedent, defendants' equal protection argument is also foreclosed.