**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

       Plaintiff-Appellee,

  v.

MARTIN GARCIA,

       Defendant-Appellant.

No.   22-30202

D.C. No.
1:04-cr-00087-SPW-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted October 19, 2023[**]
Portland, Oregon

Before: GILMAN,[***] KOH, and SUNG, Circuit Judges.

Martin Garcia was indicted as part of a large drug conspiracy in 2004 and

was later convicted and sentenced. In late 2019, Garcia moved the district court to

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

     [***]     The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

reduce his sentence under 18 U.S.C. § 3582(c)(2), and in 2020 he moved to reduce his sentence under 18 U.S.C. § 3582(c)(1). The district court granted both motions and reduced Garcia's total sentence from 720 months to 382 months of imprisonment (comprised of 262 months for the drug charges and 120 months for the firearm charges). Garcia now appeals these decisions, arguing that his sentence should have been reduced even further, to a time-served sentence of 221 months.

We review sentence-reduction decisions based on both 18 U.S.C. § 3582(c)(1) and (c)(2) under the abuse-of-discretion standard. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). A district court abuses its discretion if "it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact." *Id.* (quoting *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013)).

1. Garcia argues for a reduction of his sentence for the drug charges based on Amendments 782 and 788 to the United States Sentencing Guidelines, which lowered the Guidelines range for these drug charges after Garcia was originally sentenced. A district court can reduce a sentence under 18 U.S.C. § 3582(c)(2) for a defendant who was "sentenced to a term of imprisonment based on a sentencing range that [was] subsequently . . . lowered by the Sentencing Commission." In considering a motion under § 3582(c)(2), the court must adhere to any applicable policy statements issued by the Sentencing Commission and consider whether a

2

reduction is warranted after considering the factors set forth in 18 U.S.C. § 3553(a). One such policy statement makes clear that, for motions under 18 U.S.C. § 3582(c)(2), the district court cannot reduce the defendant's term of imprisonment "to a term that is less than the minimum of the amended guideline range[.]" U.S. Sent'g Guidelines Manual § 1B1.10(b)(2)(A) (U.S. Sent'g Comm'n 2021) ("U.S.S.G.").

Here, the district court granted Garcia's motion for a sentence reduction under § 3582(c)(2) and reduced his sentence on the drug charges to the low end of his amended Guidelines range (262 months)—the lowest possible reduction allowed under U.S.S.G. § 1B1.10(b)(2)(A). The court clearly did not abuse its discretion in so doing. *See United States v. Davis*, 739 F.3d 1222, 1224 (9th Cir. 2014); *United States v. Hernandez-Martinez*, 933 F.3d 1126, 1131–36 (9th Cir. 2019).

2. Even though the district court could not have reduced Garcia's sentence for the drug charges any more than it did under § 3582(c)(2), a further reduction to Garcia's total sentence was possible under § 3582(c)(1) (commonly known as the compassionate-release provision). A district court can reduce a sentence under 18 U.S.C. § 3582(c)(1) if it determines that "extraordinary and compelling reasons warrant a sentence reduction" and if, after "weigh[ing] the factors set forth in 18 U.S.C. § 3553(a)," the "requested sentence reduction is warranted under the

3

particular circumstances of the case." *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022) (cleaned up). Although the district court agreed with Garcia that extraordinary and compelling reasons warranted a reduction, Garcia contends that the court abused its discretion in failing to address several arguments that he raised relating to the § 3553(a) factors that, in his opinion, should have reduced his sentence even further.

We agree with Garcia. On the one hand, a district court "need not tick off each of the § 3553(a) factors to show that it has considered them." *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2013) (en banc). But "when a party raises a specific, nonfrivolous argument tethered to a relevant § 3553(a) factor in support of a requested sentence, then the judge should normally explain why he accepts or rejects the party's position." *Id.* at 992–93. In *United States v. Trujillo*, 713 F.3d 1003 (9th Cir. 2013), we held that when a defendant "argu[ed] in part that favorable treatment was justified by various factors under 18 U.S.C. § 3553(a), including his family ties, his lack of other criminal history, his post-sentencing rehabilitation, and the need to avoid unwarranted sentencing disparities[,]" the district court erred in concentrating on "[the defendant]'s role in the offense and the amount of drugs involved" without "discuss[ing] the § 3553(a) factors urged by [the defendant]." *Id.* at 1005.

Garcia argued to the district court that several of the § 3553(a) factors

4

weighed in favor of a significant sentence reduction: (1) his age and likelihood of deportation meant that the risk to the community was low, (2) the significant sentence that he had already served was sufficient deterrence, and (3) he was ineligible for drug-abuse treatment and unlikely to receive vocational training while incarcerated because of his immigration status. He also submitted a character letter to the district court discussing his post-sentencing rehabilitation, explaining his mixed disciplinary record, and stating that he had received positive work-performance reports from supervisors and developed skills in mechanics, electronics, and accountancy while in prison.

The district court, however, "did not address any of [these arguments], even to dismiss them in shorthand[,]" when determining Garcia's sentence. *See Trujillo*, 713 F.3d at 1010. Rather, the court focused on Garcia's role in the offense and the sentencing disparity between Garcia and his codefendants. There is no mention of Garcia's alleged post-sentencing rehabilitation or the application of the other § 3553(a) factors given his likely removal to Mexico.

District courts need not consider a defendant's possible deportation in sentencing, *United States v. Crippen*, 961 F.2d 882, 885 (9th Cir. 1992), but courts cannot disregard arguments tethered to the § 3553(a) factors simply because those contentions implicate a defendant's immigration status. *See, e.g.*, *United States v. Bragg*, 582 F.3d 965, 969 (9th Cir. 2009) ("The very broad discretion of district

5

judges in sentencing post-*Booker* does not extend to ignoring sentencing factors mandated by statute."); *see also Trujillo*, 713 F.3d at 1010 ("[T]he Supreme Court made clear that post-sentencing or post-offense rehabilitation—particularly in light of its tendency to reveal a defendant's likelihood of future criminal conduct—was a critical factor to consider in the imposition of a sentence.").

In this case, Garcia expressly argued that "very few of the other § 3553(a) factors are being served under the terms of his current sentence[,]" in part because of his immigration status. "Regardless of the ultimate force of [these] arguments," we cannot say that they are frivolous. *See Trujillo*, 713 F.3d at 1011. Garcia, like the defendant in *Trujillo*, therefore "presented nonfrivolous arguments, and the district court did not at all explain the reasons for rejecting them; this was legal error." *Id*.

For all of the above reasons, we vacate the district court's order and remand to the district court for further proceedings consistent with this Memorandum.

**VACATED** and **REMANDED**.