NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AARON SHAW,

Defendant - Appellant.

No. 24-4957

D.C. No.
3:20-cr-00061-HDM-CSD-1

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Submitted April 9, 2025**
San Francisco, California

Before: SCHROEDER, S.R. THOMAS, and MILLER, Circuit Judges.

Aaron Shaw appeals from the district court's denial of his motion for a

sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly determined Shaw was ineligible for a sentence reduction because Sentencing Guidelines Amendment 821 did not lower his guideline range. *See United States v. Hernandez-Martinez*, 933 F.3d 1126, 1130 (9th Cir. 2019); U.S.S.G. §§ 1B1.10(a)(2) ("A reduction . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the amendment] does not have the effect of lowering the defendant's applicable guideline range."), 4A1.1(e). The district court initially found that Shaw had a criminal history score of eleven, including two status points. This total and Shaw's offense level corresponded to criminal history category V. Because this overstated Shaw's criminal history, the court placed him in category IV and sentenced him at the bottom of the corresponding guideline range.

It is unclear whether the district court simultaneously reduced Shaw's criminal history score, but the court did not lower his score to eight or state that it was doing so, as Shaw now contends. Excluding his status points, he had at least seven points, so Amendment 821 lowered his score by just one point, keeping him in category IV. *See* U.S.S.G. § 4A1.1(e). The district court was therefore correct that the amendment did not lower his category or, by extension, the applicable guideline range.

The district court did not abuse its discretion in declining Shaw's motion on the alternative basis that the 18 U.S.C. § 3553(a) factors weighed against a

sentence reduction. *See United States v. Wilson*, 8 F.4th 970, 975 (9th Cir. 2021) (setting forth the standard of review). The court explained why the initial sentence was still necessary under the relevant factors, highlighting the violent nature of Shaw's robbery offenses and his other criminal history. This explanation mirrored the court's concerns at sentencing about reducing Shaw's category and provided an "intuitive reason" for not lowering his sentence further. *Id.* at 977 (quoting *Chavez-Meza v. United States*, 585 U.S. 109, 120 (2018)). The court's explanation was sufficient to show that it "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." *Chavez-Meza*, 585 U.S. at 113 (citation omitted).

**AFFIRMED**.