**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> JAMES W. MILLEGAN, <br><br> Defendant - Appellant. | No. 24-7441 <br><br> D.C. No. 3:19-cr-00528-IM-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Karin J. Immergut, District Judge, Presiding

Submitted June 9, 2025[**]
Portland, Oregon

Before: TALLMAN, OWENS, and VANDYKE, Circuit Judges.

Defendant James W. Millegan appeals from the district court's denial of his

motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821

to the United States Sentencing Guidelines.  We review the denial of Millegan's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

motion under § 3582(c)(2) for abuse of discretion. *United States v. Hernandez-Martinez*, 933 F.3d 1126, 1131 (9th Cir. 2019). As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

"The district court's duty to consider the § 3553(a) factors necessarily entails a duty to provide a sufficient explanation of the sentencing decision to permit meaningful appellate review." *United States v. Trujillo*, 713 F.3d 1003, 1009 (9th Cir. 2013). Even if the district court abused its discretion by not adequately explaining its rejection of Millegan's arguments, any error was harmless. *See United States v. Cruz-Gramajo*, 570 F.3d 1162, 1167 (9th Cir. 2009). The record shows the district court considered the parties' arguments, believed that the original 51-month sentence was appropriate in light of Millegan's conduct (including during the pendency of his case), and found that his individual circumstances did not show a decreased likelihood of recidivism. *See Chavez-Meza v. United States*, 585 U.S. 109, 120 (2018).

**AFFIRMED.**