**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff - Appellee,*

v.

ABDIRAHMAN KHEYRE,

*Defendant - Appellant.*

No. 24-7529

D.C. No.
3:22-cr-02313-RSH-1

OPINION

Appeal from the United States District Court
for the Southern District of California
Robert Steven Huie, District Judge, Presiding

Argued and Submitted March 11, 2026
Pasadena, California

Filed May 20, 2026

Before: Richard C. Tallman, Johnnie B. Rawlinson, and
David F. Hamilton, Circuit Judges.[*]

Per Curiam Opinion

---

[*] The Honorable David F. Hamilton, United States Circuit Judge for the
Court of Appeals, Seventh Circuit, sitting by designation.

**SUMMARY**[**]

**Criminal Law**

The panel affirmed the district court's denial of Abdirahman Kheyre's motion under 18 U.S.C. § 3582(c)(2) for a sentence reduction based on retroactive Sentencing Guidelines Amendment 821, which limited the impact of "status points" on criminal history.

The district court denied the motion because Supreme Court precedent holds that the Sentencing Commission's policy statement regarding § 3582(c)(2) proceedings, USSG § 1B1.10, is binding, and that policy statement prohibited reduction in Kheyre's circumstances. The district court concluded, alternatively, that it would not reduce Kheyre's sentence even if he were eligible.

Section § 1B1.10 provides that a defendant is eligible for a reduction only if a retroactive amendment lowered "the guideline range applicable to that defendant." Application Note 1(A) says that the amended guideline range is determined before consideration of any departure or variance.

The panel held that Congress violated neither the nondelegation doctrine nor the separation of powers by making the Sentencing Commission's policy statements binding on courts in § 3582(c)(2) proceedings.

Applying *Kisor v. Wilkie*, 588 U.S. 558 (2019), the panel held that the text of § 1B1.10 unambiguously does not

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

include departures when calculating the amended guideline range. The panel therefore concluded, without reference to Application Note 1(A), that courts do not include departures when calculating the amended guideline range in § 3582(c)(2) proceedings. Accordingly, the district court did not err in calculating Kheyre's amended guideline range without reference to a departure awarded at his original sentencing.

The panel concluded that because Kheyre's 180-month sentence was below his amended guideline range, he was, under U.S.S.G. § 1B1.10(b)(2)(A), ineligible for a reduction. As the district court properly found that Kheyre was not eligible for a reduction, the panel did not need to reach his challenge to the district court's alternative holding.

## COUNSEL

Andrew R. Haden (argued) and Paul Benjamin, Assistant United States Attorneys; Daniel E. Zipp, Assistant United States Attorney, Chief, Appellate Section, Criminal Division; Adam Gordon, United States Attorney; Office of the United States Attorney, United States Department of Justice, San Diego, California; for Plaintiff-Appellee.

David J. Zugman (argued), Burcham & Zugman, San Diego, California, for Defendant-Appellant.

**OPINION**

PER CURIAM:

In 2023, Abdirahman Kheyre was sentenced to 180 months in prison. After the United States Sentencing Commission retroactively amended the Guidelines to reduce the impact of criminal history status points, Kheyre moved for a sentence reduction under 18 U.S.C. § 3582(c)(2). The district court denied his motion because Supreme Court precedent holds that the Commission's policy statement regarding § 3582(c)(2) proceedings is binding, and that policy statement prohibited a reduction in Kheyre's circumstances. *See Dillon v. United States*, 560 U.S. 817, 819 (2010). Alternatively, the district court concluded that it would not reduce Kheyre's sentence even if he were eligible.

Kheyre takes issue with both holdings. On appeal, he contends (1) that Congress violated the nondelegation doctrine, the separation of powers, or both by making the Commission's policy statements binding on courts in § 3582(c)(2) proceedings, (2) that the district court erred by not including a departure when calculating his amended guideline range, and (3) that the district court failed to adequately consider his mitigation evidence when reaching its alternative holding. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

**I**

In April 2023, Kheyre pled guilty to one count of distributing a controlled substance and one count of possessing a controlled substance with intent to distribute. In his plea agreement, Kheyre also admitted that his buyer

died of an overdose after using the drugs purchased from him. At his sentencing hearing, the district court calculated his guidelines as follows:

| *Offense level* | *Criminal history category* |
| --- | --- |
| 38 (base offense level) | 6 points (prior convictions) |
| -3 (acceptance of responsibility) | +2 points (status points) |
| *Final*  35 | 8 points (category IV) |

The resulting guideline range was 235–293 months.

Consistent with the plea agreement, the parties requested a downward departure "for a combination of circumstances" under United States Sentencing Guideline (USSG) § 5K2.0. They couched the extent of the departure as a two-level reduction in his offense level. The district court, adopting the "two-level reduction" language, granted the departure and sentenced Kheyre to 180 months in prison.[1]

He appealed.[2] A panel of this court vacated the standard conditions of supervised release and remanded for the district court to orally pronounce any conditions it desired to impose on the record. *United States v. Kheyre*, No. 23-1425, 2024 WL 2844665, at *1 (9th Cir. June 5, 2024). The panel

---

[1] If the departure had effected a two-level reduction in Kheyre's offense level, his advisory guideline range would have been 188–235 months based on criminal history category IV and a final offense level of 33. To reach the 180-month sentence, the district court started from the approximate midpoint of this range (210 months) and varied downward by 30 months.

[2] The issues presented in that appeal are irrelevant to those presented here.

also vacated special conditions concerning substance abuse and mental health treatment and remanded for the district court "to 'clarify the scope of authority delegated to the probation officer' if it elect[ed] to reimpose [those] conditions." *Id.* (quoting *United States v. Nishida*, 53 F.4th 1144, 1155 (9th Cir. 2022)).

On remand, Kheyre asked the district court to hold a full resentencing hearing based on a retroactive amendment to the Guidelines. While his prior appeal was pending, the Commission had promulgated and made retroactive Amendment 821, which limited the impact of "status points" on criminal history. This eliminated the two status points Kheyre received and reduced his criminal history category from IV to III. Kheyre argued this intervening change in the law entitled him to a de novo resentencing hearing. In the alternative, he asked the district court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).

At the resentencing hearing, the district court denied Kheyre's request for de novo resentencing[3] and invited briefing on the § 3582(c)(2) reduction request. After briefing, the court denied the motion. It concluded that *United States v. Hernandez-Martinez*, 933 F.3d 1126 (9th Cir. 2019), required it to do so because "the sentence actually imposed (180 months) is less than the minimum of the applicable guidelines range as amended (210 months)." In calculating the amended guideline range, the court did not include the "two-level" downward departure awarded at Kheyre's original sentencing. The court also noted that if Kheyre were eligible for a reduction, it would deny the request because "[n]either the change in the advisory guidelines nor any other factor that has been brought to the

---

[3] Kheyre does not appeal this denial.

Court's attention" would change its assessment of the appropriate sentence on the facts presented here.

This appeal followed.

**II**

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed."    18 U.S.C. § 3582(c).  Congress has created limited exceptions to this general rule, including the one at issue here:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) . . . , if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

§ 3582(c)(2).

Once the Commission promulgates a retroactive guideline amendment, courts use a two-step inquiry to determine if a defendant's sentence should be reduced. *Hernandez-Martinez*, 933 F.3d at 1130.  The first step looks to whether the defendant is eligible for relief by determining whether a reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  *Id.* (quoting § 3582(c)(2)).   If the defendant is eligible, the second step requires the court to decide if a reduction is warranted based on the § 3553(a) factors. *Id.* at 1131.

The Commission has issued one policy statement applicable to § 3582(c)(2) proceedings: USSG § 1B1.10.[4] Under § 1B1.10(a)(1), a defendant is eligible for a reduction only if a retroactive amendment lowered "the guideline range applicable to that defendant." To determine if that occurred, the court must calculate the guideline range that would have applied had the amendment "been in effect at the time the defendant was sentenced . . . leav[ing] all other guideline application decisions unaffected." § 1B1.10(b)(1).

But even if the amendment reduced the applicable guideline range, the defendant still may not be eligible for a sentence reduction. Subsection (b)(2) bars courts from reducing the prison sentence "to a term that is less than the minimum of the amended guideline range," unless the defendant received a sentence below the original range based on substantial assistance to the government. This means that a defendant who did not provide substantial assistance is not eligible for a reduction if his original prison sentence is below his amended guideline range.

In 2010, the Supreme Court held that § 1B1.10 remained binding even after *United States v. Booker*, 543 U.S. 220 (2005), rendered the Guidelines advisory in sentencing proceedings. *Dillon*, 560 U.S. at 819. Since § 3582(c)(2) was designed "to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing," the Sixth Amendment concerns identified in *Booker* were not

---

[4] The 2023 Guidelines Manual was in effect on the date of Kheyre's resentencing hearing, but the 2024 Guidelines Manual was in effect when the district court issued its order denying his sentence reduction motion. Unless otherwise noted, all citations to the Guidelines are to the 2024 edition of the Manual. The relevant provisions are the same in the 2023 and 2024 editions.

implicated. *Id.* at 826–30. Thus, § 1B1.10 remained binding on courts through § 3582(c)(2)'s command that reductions be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 826. We embraced *Dillon*'s holding in *Hernandez-Martinez*, 933 F.3d at 1130–31.

## III

Kheyre first argues that the Commission cannot impose a hard floor on sentence reductions because, under the nondelegation doctrine and the separation of powers, Congress cannot give an agency (the Commission) authority to limit courts' sentencing discretion. We review these questions of law de novo. *United States v. Davis*, 739 F.3d 1222, 1223 (9th Cir. 2014).

## A

Kheyre argues that Congress violated the nondelegation doctrine because the authorizing statutes—18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 994(o)—lack an "intelligible principle" allowing the Commission to limit judicial sentencing discretion. This challenge fails because the Supreme Court has already held that the guidance provided in 28 U.S.C. § 994 sufficiently supports the delegation of authority to the Commission to formulate the Guidelines. *Mistretta v. United States*, 488 U.S. 361, 371–79 (1989). Although the Guidelines are now advisory in sentencing hearings post-*Booker*, they were binding when *Mistretta* was decided. This means the Court has already decided that Congress provided an intelligible principle sufficient to support delegating authority to the Commission to impose mandatory limits on judicial sentencing discretion. That is fatal to Kheyre's nondelegation argument.

Kheyre contends that the Supreme Court's recent decisions in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), and *SEC v. Jarkesy*, 603 U.S. 109 (2024), establish that delegations authorizing an agency to impose mandatory limits on judicial discretion are unconstitutional. But neither case resolved this type of challenge (nondelegation) or a challenge to this agency (the Commission). *Loper Bright* held that courts should not defer to an agency's interpretation of ambiguous statutory text. 603 U.S. at 412–13. And the Court did not reach the nondelegation argument presented in *Jarkesy*. *See* 603 U.S. at 121. Rather, it resolved the case under the Seventh Amendment, holding that the right to a jury trial forbade the Securities and Exchange Commission from seeking civil penalties for fraud in an internal administrative adjudication. *Id.* at 120–21. As neither case addressed a nondelegation issue, *Mistretta*'s holding remains binding. *See Fidelity Expl. & Prod. Co. v. United States*, 506 F.3d 1182, 1186 (9th Cir. 2007) ("[W]e must follow the Supreme Court precedent that directly controls, leaving to the Court the prerogative of overruling its own prior decisions."). Thus, we hold that Congress did not violate the nondelegation doctrine by making the Commission's policy statements binding in § 3582(c)(2) proceedings.

**B**

Kheyre also argues that Congress violated the separation of powers by giving the Commission authority to impose a binding limitation on courts' discretion in § 3582(c)(2) proceedings. This challenge also fails.

The Supreme Court has long recognized that "the scope of judicial discretion with respect to [imposing] a sentence is subject to congressional control." *Mistretta*, 488 U.S. at

364.  Indeed, Congress has the authority to set determinate punishments "without giving the courts any sentencing discretion" at all.  *Chapman v. United States*, 500 U.S. 453, 467 (1991).  Accordingly, we have held that § 1B1.10, which Congress has made binding on the courts, "does not offend separation of powers principles because it is simply the result of an exercise of Congress's power to control the scope of judicial discretion regarding sentencing."  *Davis*, 739 F.3d at 1226.  *Davis* forecloses Kheyre's separation of powers attack.

## IV

Kheyre next argues that the district court wrongly relied on the commentary to § 1B1.10 to find it had no authority to reduce his sentence.  As noted above, district courts may not reduce a sentence "to a term that is less than the minimum of the amended guideline range."  § 1B1.10(b)(2)(A).  The amended guideline range is determined by taking the original guideline calculation and making the changes dictated by the retroactive amendment.  § 1B1.10(b)(1).  "[A]ll other guideline application decisions" must be left the same.  *Id.*

However, Application Note 1(A) to § 1B1.10 says that the amended guideline range "is determined before consideration of any departure . . . or any variance."  When it ruled on Kheyre's sentence reduction motion, the district court did not factor the "two-level" downward departure from his original sentencing into its calculation.  Instead, the district court calculated the amended guideline range based on an offense level of 35 and criminal history category III, which resulted in an amended range of 210–262 months.  If it had included the "two-level" downward departure from Kheyre's original sentencing, his amended guideline range

would have been 168–210 months.[5]  Given his 180-month prison sentence, that would make him eligible for a reduction of up to 12 months.

Kheyre contends that the decision to depart is a "guideline application decision[]" within the meaning of § 1B1.10(b)(1), which means the departure should have been applied.  He further argues that, after *Kisor v. Wilkie*, 588 U.S. 558 (2019), courts cannot defer to Application Note 1(A)'s exclusion of departures because § 1B1.10(b)(1)'s text is unambiguous: it says that all "guideline application decisions" from the original sentencing are "unaffected" when calculating "the amended guideline range that would have been applicable to the defendant" had the amendment been in effect at the time of sentencing.

The parties dispute whether Kheyre preserved this issue. We assume without deciding that de novo review applies. *See United States v. Kirilyuk*, 29 F.4th 1128, 1133 (9th Cir. 2022) ("We review the district court's interpretation of the Sentencing Guidelines de novo.").

The Commission's commentary to the Guidelines is treated as "an agency's interpretation of its own legislative rules." *United States v. Trumbull*, 114 F.4th 1114, 1117 (9th Cir. 2024).  Thus, courts apply *Kisor* "to determine whether to defer to the commentary's interpretation of a Guideline." *Id.* at 1117–18.  Under *Kisor*, a court defers to commentary only if, in relevant part, the Guideline "is genuinely ambiguous after exhausting all the traditional tools of construction."  *Id.* at 1118 (citation modified) (quoting *Kisor*, 588 U.S. at 574–79).  These tools include the

---

[5] A two-level reduction would have given Kheyre a final offense level of 33 and a criminal history category of III.

Guidelines' "text, structure, history, and purpose." *Kisor*, 588 U.S. at 575.

Thus, following *Kisor*, we start with the Commission's definition of "departure," which is a term of art used throughout the Guidelines Manual. A "departure" is the "imposition of a sentence *outside* the applicable guideline range or of a sentence that is otherwise *different from* the guideline sentence." § 1B1.1, comment. (n.1(F)(i)) (emphases added). Likewise, a "downward departure" is a departure "that effects a sentence *less than* a sentence that could be imposed under the applicable guideline range or a sentence that is *otherwise less* than the guideline sentence." *Id.* (emphases added). These definitions indicate that the Commission does not understand a departure to change the applicable guideline range; instead, a departure results in a sentence that is explicitly outside the range.

The use of "departure" elsewhere in the Guidelines Manual confirms this understanding. For example, § 5K2.0(a)(1), which was the basis for Kheyre's departure, says that the court "may depart *from* the applicable guideline range" in certain cases. (Emphasis added). This reinforces the point: when the Commission uses "applicable guideline range" (or variations on the phrase, such as "the guideline range applicable to [the] defendant," as in § 1B1.10(a)(1)), it does not understand the term to include departures. Instead, it understands a departure as a decision to impose a sentence outside the applicable guideline range. This is how the Commission has understood the relationship between "departures" and the "applicable guideline range" since its founding. *See, e.g.*, U.S. Sent'g Comm'n, Guidelines Manual § 1A2 (Oct. 1987) ("The sentencing judge must select a sentence from within the guideline range. If, however, a particular case presents atypical features, . . . the

judge [may] depart *from* the guidelines and sentence *outside* the range." (Emphases added)).

The interpretation is further supported by § 1B1.10 itself. Subsection (b)(2)(B) allows courts to reduce a sentence below the amended guideline range in one circumstance: when the original sentence was below the applicable guideline range "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." Such a motion is one for a downward departure under § 5K1.1.[6] If the "guideline range applicable to [the] defendant" were determined after all departures were included, this exception would be superfluous. That the Commission included an exception to subsection (b)(2)(A)'s hard floor based on a single departure provision indicates that the "guideline range applicable to [the] defendant" does not include all departures from the original sentencing.

Kheyre's argument has some appeal because the parties and the court couched the departure's extent in terms of offense level—that is, as a "two-level reduction." While practitioners may find it helpful to use guideline-related terminology to describe the extent of departures, particularly when negotiating plea agreements, that practice does not affect how the Guidelines operate: a departure is a sentence imposed outside of the applicable guideline range, which is determined based on the offense level and criminal history category calculated in accordance with Chapters Two through Four of the Guidelines Manual. *Accord* § 1B1.1 (directing courts to calculate the applicable guideline range

---

[6] The exception does not apply here because Kheyre's departure was based on § 5K2.0, not § 5K1.1.

and determine the associated sentencing requirements and options before considering if a departure is warranted).

Applying *Kisor*, we hold that § 1B1.10 unambiguously does not include departures when calculating the amended guideline range. Thus, the district court did not err in calculating Kheyre's amended guideline range without reference to the departure awarded at his original sentencing. We hold that because Kheyre's 180-month sentence was below his amended guideline range, he was ineligible for a reduction. *See* § 1B1.10(b)(2)(A). As Kheyre was not eligible for a reduction, we need not reach his challenge to the district court's alternative holding.

## V

We conclude that: (1) Congress violated neither the nondelegation doctrine nor the separation of powers by making the Commission's policy statements binding on courts in § 3582(c)(2) proceedings; and (2) based on § 1B1.10's text without reference to Application Note 1(A), courts do not include departures when calculating the amended guideline range in § 3582(c)(2) proceedings. The district court thus properly found Kheyre was not eligible for a reduction in sentence.

**AFFIRMED.**